WAPLE v WAPLE

Docket No. 110315. Submitted July 13, 1989, at Grand Rapids. Decided August 21, 1989.

Plaintiff, Patricia M. Waple, and defendant, John E. Waple, were divorced pursuant to a judgment entered in the Macomb Circuit Court. Actual physical custody of the parties' two minor children was awarded to plaintiff and defendant was ordered to pay child support of $108 per week. When one of the children left plaintiff's home and moved in with defendant, defendant petitioned for a reduction in his support obligation. The petition was filed on September 25, 1987, and a copy was mailed to plaintiff on September 23, 1987. The circuit court, Kenneth N. Sanborn, J., pursuant to a stipulation of the parties, entered an order on March 3, 1988, changing physical custody of the child to defendant and reducing his support for the other child to $26, effective September 23, 1987. At a show cause hearing conducted on June 23, 1988, concerning defendant's support arrearages, the court indicated its belief that it had the power to eliminate arrearages for support corresponding to the duration of the child's residence with the defendant. The court ordered that defendant's weekly support be continued at $26 plus $10 to reduce the arrearages. The court further ruled that the $26 weekly rate should be made retroactively effective to February 1, 1987, the assumed date of the child's commencement of residence with defendant, and that the arrearage should be recalculated accordingly. Plaintiff appealed.

The Court of Appeals held:

Pursuant to MCL 552.603; MSA 25.164(3), retroactive modification of support for periods prior to the September 23, 1987, date of notice of the petition is prohibited.

Reversed and remanded.

Divorce — Child Support — Retroactive Modification of Support Obligation.

Retroactive modification of a child support obligation is permissi-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1078 et seq.

See the Index to Annotations under Change or Modification; Custody and Support of Children.

ble with respect to any period during which there is pending a petition for such modification, but only from the date that notice of the petition was given to the payer or recipient of support; retroactive modification of support for periods prior to the date of notice of the petition is prohibited (MCL 552.603; MSA 25.164[3]).

*Wm. Michael White, P.C.* (by *Wm. Michael White*), for plaintiff.

Before: MICHAEL J. KELLY, P.J., and WAHLS and HOLBROOK JR., JJ.

HOLBROOK, JR., J. Plaintiff appeals from a post-divorce order modifying defendant's child support obligations by reducing an arrearage for overdue support payments. Since we agree with plaintiff's argument that the court was unauthorized to retroactively modify support for those periods prior to the date that the notice of defendant's petition for modification was given, we reverse.

Pursuant to the judgment of divorce, defendant's support obligations were fixed at $108 per week. Thereafter, defendant filed his petition for reduction of support on September 25, 1987, and a copy of the petition was mailed to plaintiff on September 23, 1987. According to the petition, one of the parties' two children left plaintiff's home and moved in with defendant on January 13, 1987. Pursuant to a stipulation of the parties, the circuit court entered an order on March 3, 1988, changing physical custody of the child from plaintiff to defendant and reducing defendant's weekly support obligation for the other child residing with plaintiff to $26, effective September 23, 1987.

On June 23, 1988, a show cause hearing was conducted concerning defendant's support arrearages, which totaled $4,860.64 as of April 29, 1988. At the hearing, the court was advised that defen-

dant was given no credit against the arrearages for the period from February 1, 1987, the assumed date of the child's commencement of residence with defendant, until the September 23, 1987, effective date of the stipulated order reducing support. Citing MCL 552.603; MSA 25.164(3), plaintiff's attorney represented that the effective date of the modification order was stipulated to by the parties. The court indicated its belief that it had power to eliminate arrearages for support corresponding to the duration of the child's residence with the support obligor. The court ordered that defendant's weekly support be continued at $26 plus $10 to reduce the arrearages, which was indicated by written order. The court further ruled that the $26 weekly rate should be made retroactively effective to February 1, 1987, and that the arrearage should be recalculated accordingly, but this ruling was not memorialized in the written order disposing of the show cause matter.[1]

Retroactive modification of support is now governed by recently enacted MCL 552.603; MSA 25.164(3), which provides in pertinent part:

> (1) A support order issued by a court of this state shall be enforced pursuant to the requirements of this section.
> (2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter as that term is defined in section 31 of the friend of the court act, Act No. 294 of the Public Acts of 1982, being section 552.531 of the Michigan Compiled Laws, is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state, and is not,

---

[1] The court's ruling should have been embodied in a written order complying with the dictates of MCR 2.602. It is axiomatic that the court speaks only through its orders. *Tiedman v Tiedman,* 400 Mich 571, 576; 255 NW2d 632 (1977).

on and after the date it is due, subject to retroactive modification.

(3) Retroactive modification of a support payment due under a support order is permissible with respect to any period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.[2]

By the unequivocal terms of this statute, retroactive modification of support for periods prior to the September 23, 1987, date of notice of the petition is prohibited. When a statute is clear and unambiguous, it must be applied as written, notwithstanding arguments that legislative intent requires a different interpretation. See *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959).

The end result—that defendant is precluded by statute from seeking a reduction in support arrearages for periods when the intended beneficiary of the support resided with him—seems particularly unfair when the law prior to the enactment of MCL 552.603; MSA 25.164(3) is considered. Previously, past-due support installments were subject to modification due to a change in circumstances. *Talbot v Talbot,* 99 Mich App 247, 252; 297 NW2d 896 (1980), lv den sub nom *Talbot v Burns,* 410 Mich 903 (1981). Cf. *Dresser v Dresser,* 130 Mich App 130, 136-137; 342 NW2d 545 (1983). A change in physical custody is a change in circumstances.

---

[2] This statute also provides an exception for support obligations incurred prior to July 6, 1987, if the support payer or payee filed a petition for retroactive modification within sixty days after the friend of the court mailed or published a required notice of the change in the law effected by the enactment of MCL 552.603; MSA 25.164(3). The friend of the court was required to give this notice prior to October 6, 1987. See MCL 552.603(4) and (5); MSA 25.164(3)(4) and (5). However, defendant made no effort to avail himself of this exception in the proceedings below.

See *Rohloff v Rohloff,* 161 Mich App 766, 769; 411 NW2d 484 (1987), lv den 429 Mich 869 (1987).

The issue, however, is not appropriate for a consideration of equitable circumstances because, even if the strict wording of the statute is ignored, the underlying legislative intent also precludes any flexibility in interpretation. The immediate motivation for the enactment of this statute was the inception of federal legislation requiring state law to include a provision making each support payment the equivalent of a final judgment and prohibiting retroactive modification. The mechanism for enforcement of the federal legislation is that the continuing eligibility of the state for federal funding for the Aid to Families with Dependent Children program is made conditional on the state recipient's adoption of the provision. Senate Legislative Analysis, SB 318, June 3, 1987. See 42 USC 666(a)(9). This suggests that our Legislature intended, consistent with overriding federal directives enforceable by a loss of funding, to remove entirely the discretion of the circuit court to consider a change in circumstances.

On remand, defendant's support arrearages shall be calculated and enforced consistent with the stipulated order of March 3, 1988, amending the judgment.

Reversed and remanded.