Per Curiam.
 

 Defendant appeals, by leave granted, the trial court’s order regarding child support and arrearage. We reverse in part and remand for further proceedings consistent with this opinion.
 

 1. FACTS AND PROCEDURAL HISTORY
 

 The Marquette Circuit Court entered a judgment of divorce in 1986, awarding custody of the parties’ children to plaintiff and ordering defendant to pay child support. Various orders modifying the amounts of support, and providing for payment of amounts in arrears, followed.
 

 In July and August 1990, pursuant to a petition from the Department of Social Services, the Marquette County Probate Court awarded temporary custody of the children to defendant, who had taken up residence in Ohio. The court decreed that plaintiff need not pay child support at that time and entered no order concerning defendant’s support obligations.
 

 In July 1991, defendant filed a complaint for custody with an Ohio court. Because the children had lived in Ohio for more than a year, the Marquette Circuit Court stayed further proceedings in the circuit court.
 

 
 *435
 
 In August 1991, the Marquette County Probate Court ordered the return of the younger two children, both boys, to plaintiffs custody, while the oldest child, a girl, remained with defendant. Two months later, the Ohio court, on plaintiffs motion, dismissed defendant’s case for lack of jurisdiction. In March 1992, the Marquette Circuit Court entered an order stating that the earlier order deferring to the jurisdiction of the state of Ohio “has no effect on the concurrent jurisdiction of the Marquette Probate Court,” that further proceedings in the Marquette County Probate Court would be in the best interests of the children, and that the circuit court “declines to further stay proceedings ... in favor of jurisdiction by any Ohio court.”
 

 In June 1992, the parties’ daughter returned to live with plaintiff, plaintiff thus completing the process of regaining custody of all three children. At approximately this time plaintiff moved to Alger County. On March 19, 1996, the Alger County Probate Court, which had taken jurisdiction over the parties’ daughter, placed the girl in foster care, where she remained until August 21, 1996. In April of that year, the friend of the court of Marquette County wrote to the Marquette Circuit Court stating that “[t]his divorce action has been inactive with the Marquette County Friend of the Court’s office since June, 1991” because the children had been living in Ohio, that defendant had paid all arrearages as of that time, that plaintiff had been living in Alger County for over three years, and that because the children were now again living with plaintiff she was asking “that enforcement of her Judgment of Divorce be activated once again through the Friend of the Court’s office.” The friend of the
 
 *436
 
 court went on to recommend that the Marquette Circuit Court transfer the divorce action to Alger County. In an order dated April 30, 1996, the Marquette Circuit Court followed this recommendation. The friend of the court certified on the order of transfer that defendant owed “no arrearages” as of April 29, 1996, and the court stated that “the arrears [owed by defendant] on the records of the friend of the court were . . . $0.”
 

 On March 7, 1997, the friend of the court of Alger County issued a support recommendation, which included a calculation of arrearages on defendant’s part of $730.74 from the period when the parties’ sons were with plaintiff and their daughter remained with defendant, $11,422.62 for the period when all three children were with plaintiff, $884.58 for the time when the sons were with plaintiff and the daughter was in foster care, and $1,615.32 for the time after the daughter returned from foster care until the date of the report. These figures add up to $14,653.26. The friend of the court further recommended that defendant pay the Alger County Probate Court $1,426 in reimbursement for the cost of the daughter’s foster care. The Alger Circuit Court adopted the recommendations of the friend of the court and entered an order to that effect on June 25, 1997.
 

 n. CHILD SUPPORT
 

 Defendant opposed the motion to set arrearages on grounds of res judicata and the rule against retroactive child support orders. We find that there is merit in the latter argument, but not in the former.
 

 “Under the doctrine of res judicata, ‘a final judgment rendered by a court of competent jurisdiction
 
 *437
 
 on the merits is conclusive as to the rights of the parties, and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.’ ”
 
 Wayne Co v Detroit,
 
 233 Mich App 275, 277; 590 NW2d 619 (1998), quoting Black’s Law Dictionary (6th ed, 1990), p 1305. See also
 
 Dart v Dart,
 
 224 Mich App 146, 156; 568 NW2d 353 (1997). “The doctrine operates where the earlier and subsequent actions involve the same parties or their privies, the matters of dispute could or should have been resolved in the earlier adjudication, and the earlier controversy was decided on its merits.”
 
 Wayne Co, supra
 
 at 277. Because the present controversy is a continuation of the parties’ original divorce action, and not a separate lawsuit, the doctrine of res judicata is inapplicable here. Therefore, the doctrine of res judicata is inapplicable to bar the. assessment of child support arrearages.
 

 However, the rule against retroactive child support orders does come to bear. MCL 552.603(2); MSA 25.164(3)(2) provides, in pertinent part, as follows:
 

 [A] support order that is part of a judgment or is an order in a domestic relations matter ... is a judgment on and after the date each support payment is due, with the full " force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. Retroactive modification of a support payment due under a support order is permissible with respect to any period dining which there is pending a petition for modification, but only from the date that notice of the peti- ■ tion was given to the payer or recipient of support.
 

 Defendant acknowledges that this provision normally operates to prevent a payer from retroactively decreasing support payments that have already come
 
 *438
 
 due, but argues that the legislation should likewise prevent retroactive increases. We agree. “By the unequivocal terms of this statute, retroactive modification of support for periods prior to the . . . date of notice of the petition is prohibited. When a statute is clear and unambiguous, it must be applied as written . . . .”
 
 Waple v Waple,
 
 179 Mich App 673, 676; 446 NW2d 536 (1989).
 

 The rule against retroactive modification of child support orders is in keeping with the general principle that children are entitled to be supported by their parents. MCL 722.3(1); MSA 25.244(3)(1);
 
 People v Coleman,
 
 325 Mich 618; 39 NW2d 201 (1949). The impetus for the statute limiting retroactive modification, as this Court noted in
 
 Waple, supra
 
 at 677, was a federal law requiring that “each support payment [be] the equivalent of a final judgment and prohibiting retroactive modification.” The purpose of the rule was to “strengthen the enforcement of child support orders in this state.” House Legislative Analysis, SB 318-320 (1987 PA 97-99), June 30, 1987, p 2. In summarizing the arguments in favor of the legislation, the authors of the analysis explained the intent of the Legislature in enacting this provision:
 

 In the first place, the purpose of support is to protect a child’s welfare. The custodial parent, who actually provides for the child’s welfare, should be able to rely on receiving the court-ordered amount until the noncustodial parent files a petition for a reduction.
 
 The noncustodial parent also should be able to expect that payments already made in compliance with a court order have satisfied his or her past financial responsibility and cannot be retroactively increased. [Id.
 
 (emphasis added).]
 

 
 *439
 
 Thus, the plain language of the statute, bolstered by this statement of legislative intent, lends credence to defendant’s argument. The language of the statute does not limit its application to retroactive decreases in support. Moreover, the bill analysis implies that the Legislature was aware of the effect of the provision on any retroactive increases. This conclusion is also supported by legal commentary. One author noted:
 

 The effects of the new statutory provision prohibiting retroactive modification are being felt by the courts. A party who has amassed an arrearage of $50,000, for example, may no longer argue before a court that the arrearage should be eliminated or substantially reduced because his or her circumstances have changed adversely ten years ago.
 

 The converse, however, is also true.
 
 Persons receiving inadequate support cannot sleep on their rights and then claim their support should have been increased ten years ago. Such a claim for instant arrearage is no longer possible under the retroactive limitations of the present statutory scheme. [Faupel,
 
 Family Law,
 
 37 Wayne L R 857, 875 (1991) (emphasis added).]
 

 We hold that the limitation on retroactive modification of support orders set forth above applies to increases and decreases alike.
 

 “Support order” is statutorily defined as “an order entered by the circuit court for the payment of support, whether or not a sum certain.” MCL 552.602(x); MSA 25.164(2) (x). In this case, a notice of income withholding modification entered on November 28, 1988, in Marquette County was the last circuit court order modifying child support. Although the Marquette County Probate Court awarded temporary custody of the children to defendant in 1990, defendant apparently failed to petition for reduction of his support obligations at that time. Because there was no
 
 *440
 
 modification of the original support order after 1988, and because the original support order stated that it “remains in effect until . . . each minor child reaches the age of 18 years, completes or ceases attending high school, whichever occurs later, or until the further order of this Court,” defendant remained obligated to pay child support throughout the periods when custody of the children was in flux.
 
 [1]
 
 However, the April 30, 1996, order of the Marquette Circuit Court transferring the case to Alger County effectively constituted a further order of that court, and thus its determination that defendant owed no arrearages effectively excused defendant’s failure to pay through that date. This leaves defendant responsible for arrearages dating back only to April 30, 1996. Just as the rule against retroactive orders of child support prevents the Alger Circuit Court from assessing arrearages dating from before the Marquette Circuit Court’s order of April 30, 1996, the rule concomitantly prevents defendant from obtaining relief from his continuing obligations after that date. Just as custodial parents should be able to rely on receiving court-ordered support, so too should noncustodial parents be permitted to rely on a statement in a court order declaring that no arrearages are owed.
 
 [2]
 

 
 *441
 
 Defendant might have petitioned for a reduction in child support obligations for times when he had custody of the children, and plaintiff might have acted to enforce the standing order of child support before she, did; however, the parties’ various actions and inactions lead, under the applicable statute, to this result. We reverse the Alger Circuit Court’s order insofar as it calculated arrearages from before April 30, 1996, and remand for a recalculation that respects the Marquette Circuit Court’s determination that defendant owed nothing as of April 29, 1996.
 

 in reimbursement for foster care
 

 Defendant argues that the Alger Circuit Court lacked authority to order him to reimburse the Alger County Probate Court for the time the parties’ daughter spent in foster care in 1996. We agree.
 

 MCL 712A.18(2); MSA 27.3178(598.18)(2) provides that “[a]n order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile’s own home . . . shall contain a provision for reimbursement ... to the court for the cost of care or service.” MCL 712A.18(1); MSA 27.3178(598.18)(1)
 
 *442
 
 authorizes “the court” to enter various “orders of disposition,” and MCL 712A.1(1); MSA 27.3178(598.1)(1) established, at the time that the parties’ daughter was placed in foster care, that these provisions applied to “the juvenile division of the probate court.”
 
 [3]
 
 Thus it was the Alger County Probate Court, not the Alger Circuit Court, that was authorized by statute to order reimbursement for the costs of foster care.
 

 Although MCL 552.17a(l); MSA 25.97(1)(1) provides that the circuit court may, pursuant to a divorce action, “award custody of each child to ... a third person until each child has attained the age of 18 years and may require either parent to pay for the support of each child until each child shall have attained that age,” this legislation is inapplicable in the present case because it was not the circuit court that placed the parties’ daughter with a third party. Further, because it was the Alger County Probate Court that took this action, it was the Alger County Probate Court that stood in the best position to ascertain how much, if any, reimbursement was due. For these reasons, we conclude that the Alger Circuit Court erred in ordering defendant to reimburse the Alger County Probate Court for the costs of foster care and that this action must be undertaken, if at all, by the Alger County Probate Court.
 

 IV. STATUTORY FEES
 

 Defendant contends that the Alger Circuit Court erred in ordering him to pay statutory handling fees
 
 *443
 
 dating back to January 1, 1992, arguing that because there was no active order of support before June 25, 1997, no fees could properly be assessed for periods before that date.
 

 MCL 600.2538(1); MSA 27A.2538(1) provides that “every person required to make payments of support or maintenance to be collected by the friend of the court shall pay a fee of $1.25 per month for every month or portion of a month that support or maintenance is required to be paid.” We must give effect to the intent of the Legislature as indicated by the plain meaning of the statutory language.
 
 Grand Traverse Co v Michigan,
 
 450 Mich 457, 463; 538 NW2d 1 (1995). We agree with defendant in this instance that under the plain wording of the statute a person who is not required by a court order to pay support is not subject to assessment of these statutory fees. However, we conclude that defendant is subject to statutory fees covering the time after April 29, 1996, not the later date that defendant suggests. Because the Marquette Circuit Court’s order dated April 30, 1996, transferring the case to Alger County, stated that defendant was not in arrears to the friend of the court as of April 29, 1996, statutory handling fees may not be assessed for periods before that date. After that date, however, defendant’s continuing obligation to pay support pursuant to a court order that predated the various changes in actual physical custody is not mitigated by any subsequent order. For these reasons, we instruct the Alger Circuit Court on remand to amend the order appealed from to impose statutory handling fees calculated from April 30, 1996, rather than from January 1, 1992.
 

 
 *444
 
 v. CONCLUSION
 

 The Alger Circuit Court erroneously calculated defendant’s arrearages and statutoiy handling fees for the period before April 30, 1996, and lacked authority to order defendant to reimburse the Alger County Probate Court for the costs of foster care for the parties’ daughter. We reverse in part and remand for further proceedings consistent with this opinion. We retain jurisdiction.
 

 [1]
 

 The defendant in
 
 Waple
 
 was likewise “precluded by statute from seeking a reduction in support arrearages for periods when the intended beneficiary of the support resided with him . . . .”
 
 Waple, supra
 
 at 676.
 

 [2]
 

 Nonetheless, we are compelled to express our concern about the transfer order’s explicit determination that defendant had no arrearages as of April 29, 1996. If this is an accurate summation of defendant’s circumstances as of that date, it is difficult to understand how this resulted in view of his apparently undisputed failure to have paid child support since at least 1992 while under obligation to do so by order of the Marquette Circuit Court. If this is not an accurate summation of his circumstances as of that date, then the transfer order would effectively constitute a retroac
 
 *441
 
 tive modification of a child support agreement contrary to MCL 552.603; MSA 25.164(3). However, in light of the limited record before this Court (as well as in light of the absence of any specific evidence concerning the periods during which the children were in the custody of plaintiff and defendant respectively, we lack adequate warrant for looking beyond the language of the Marquette Circuit Court’s transfer order that concluded (perhaps on the basis of unavailable records from Ohio) that defendant had no arrearages as of April 29, 1996. One possibility is that the notice of income withholding entered on November 28, 1988, was subsequently terminated by court order, although we have no record of any such order. The failure of plaintiff to have filed a brief or to have appeared for oral argument has made it particularly difficult for this Court to determine the basis for the Marquette Circuit Court’s assertion in its transfer order.
 

 [3]
 

 As amended by 1996 PA 409 and 1998 PA 478, MCL 712Al(l)(c); MSA 27.3178(598. l)(l)(c) now defines “court” as “the family division of circuit court.”