ADAMS v LINDERMAN

Docket No. 217395. Submitted June 15, 2000, at Grand Rapids. Decided
December 26, 2000, at 9:50 A.M.

Donna Linderman (now Adams) was granted a divorce from Jan A.
Linderman in 1983 by the Van Buren Circuit Court, Meyer War-
shawsky, J. The judgment of divorce granted custody of three of
the parties' five children to the plaintiff and ordered the defendant
to pay child support of $210 a week for the children in plaintiff's
custody, to be reduced to $132 a week and then $90 a week as the
children successively reached the age of eighteen or graduated
from high school. The defendant moved to Florida and did not pay
child support. In 1985, Michigan authorities sought the assistance
of Florida authorities to enforce the Michigan support obligation
pursuant to the provisions of the Uniform Reciprocal Enforcement
of Support Act (now the Revised Uniform Reciprocal Enforcement
of Support Act), MCL 780.151 et seq.: MSA 25.225(1) et seq. The
defendant signed a stipulation with Florida authorities, which was
later incorporated into an order of support signed by a Florida cir-
cuit court, agreeing to pay $210 a month plus $30 a month toward
the arrearage accumulated in Michigan during the two years that
the defendant failed to pay any support. Although the defendant
regularly paid the amounts ordered by the Florida court, a substan-
tial arrearage accumulated in Michigan over the next thirteen years
because the Florida payments were substantially less than the sup-
port obligation under the Michigan divorce judgment. In 1998, the
defendant moved in the Van Buren Circuit Court for cancellation of
his arrearage, arguing that the Florida stipulation and order modi-
fied the original Michigan support order, that he was entitled to ret-
roactive credit for support ordered with respect to the two of the
children who had stopped living with the plaintiff before reaching
age eighteen, and that the plaintiff was barred from collecting the
child support arrearage under the doctrines of laches and estoppel.
The court, Paul E. Hamre, J., rejected the argument that the Florida
stipulation and order modified the terms of the Michigan support
order and, accordingly, confirmed the defendant's obligation to pay
the accumulated support arrearage. The court also rejected the
defendant's argument that the plaintiff was equitably barred from
collecting the arrearage; however, the court waived all the past and

future statutorily imposed surcharges on the arrearage on the basis that, at the time of the divorce, the parties had not contemplated that interest would accrue with respect to unpaid child support. The plaintiff appealed by leave granted, arguing that the trial court lacked authority to waive past and future surcharges imposed with respect to the child support arrearage pursuant to MCL 552.603a; MSA 25.164(3a).

The Court of Appeals *held*:

1. Section 3a of the Support and Parenting Time Enforcement Act, MCL 552.603a; MSA 25.164(3a), provides that twice a year a surcharge, calculated at an eight percent annual rate, "shall be added to support payments that are past due" and that the friend of the court shall apply any support payment that is received first to the current support and "then to pay any support arrearage including any surcharges imposed under this section." Subsection 3(2) of the act, MCL 552.603(2); MSA 25.164(3)(2), provides that a support order that is part of a judgment is a judgment with full force and effect on and after the date each support payment is due and, on or after that date, is not subject to retroactive modification, except for any period during which there is a pending petition for modification of the support order.

2. The use of the word "shall" in § 3a denotes a mandatory duty. The plain language of § 3a mandates the imposition of an eight percent surcharge with respect to support payments that are past due and deprives the circuit court of discretion to modify such surcharges. Accordingly, the circuit court's decision to waive the defendant's past and future surcharges must be reversed.

3. Section 3a clearly indicates that the surcharge is to be calculated semiannually and is added to any support arrearage. Because the semiannual surcharges become part of the support arrearage, subsection 3(2) barred the circuit court's retroactive modification of the support arrearage, including surcharges, incurred before the filing of the defendant's motion for modification.

Reversed and remanded.

1. DIVORCE — CHILD SUPPORT — SURCHARGES.

The language in the provision of the Support and Parenting Time Enforcement Act providing that twice a year a surcharge, calculated at an eight percent annual rate, shall be added to support payments that are past due is mandatory in nature and deprives a circuit court of discretion to modify such surcharges; accordingly, a circuit court may not waive the payment of any past and future surcharges imposed pursuant to statute with respect to any child support arrearage resulting from the failure to pay child support imposed in a divorce judgment (MCL 552.603a; MSA 25.164[3a]).

2. DIVORCE — CHILD SUPPORT — SURCHARGES — RETROACTIVE MODIFICATION.
   The mandatory semiannual surcharges imposed on child support arrearages become part of the arrearages and are not subject to retroactive modification by a court (MCL 552.603[2], 552.603a; MSA 25.164[3][2], 25.164[3a]).

*Albert W. Laaksonen*, for the plaintiff.

Before: SMOLENSKI, P.J., and ZAHRA and COLLINS, JJ.

SMOLENSKI, P.J. Plaintiff appeals from a circuit court order rendered in postjudgment divorce proceedings, in which the circuit court waived defendant's obligation to pay statutorily mandated surcharges on the child support arrearage. We granted plaintiff's application for leave to appeal. We reverse and remand for further proceedings consistent with this opinion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant divorced on February 24, 1983. Of the parties' five children, the circuit court awarded plaintiff custody of three children and awarded defendant custody of two children. The judgment of divorce provided that defendant was responsible for paying child support for the three children in plaintiff's custody until those children reached the age of eighteen or completed high school. As the children progressively reached the age of eighteen, defendant was required to pay child support under the following formula: $150 a week for three children, $132 a week for two children, and $90 a week for one child.

When the divorce became final, defendant owed no arrears in child support. However, during the two years immediately following the entry of the divorce judgment, defendant failed to pay any child support.

Because defendant had moved to Florida, Michigan authorities sought the assistance of Florida authorities to enforce defendant's Michigan support obligation under the Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.*[1] Two years after the parties' judgment of divorce was finalized, defendant signed a stipulation with Florida authorities in which he agreed to pay $210 a month in child support. The stipulation also provided that defendant would pay $30 a month toward the arrearage accumulated in Michigan during the two years when defendant had failed to pay any support. These stipulations were incorporated into an order of support entered on January 23, 1985, in a Florida circuit court. Although defendant regularly paid the amounts ordered by the Florida court, those payments fell substantially short of his support obligation under the Michigan divorce judgment. During the next thirteen years, a child support arrearage of approximately $51,000 accumulated in Michigan.

On May 6, 1998, defendant filed a motion with the Van Buren Circuit Court requesting the cancellation of his support arrearage. Defendant argued that the stipulation and order filed in Florida modified the original Michigan support order. Defendant also argued that two of the parties' children had stopped living with plaintiff before they reached the age of eighteen, and that the court should award him a retroactive credit with regard to those children. Finally, defendant argued that plaintiff was barred from col-

---

[1] That act was subsequently retitled as the Revised Uniform Reciprocal Enforcement of Support Act.

lecting the child support arrearage under the doctrines of laches and estoppel.

The trial court rejected defendant's argument that the Florida stipulation and order modified the terms of the Michigan support order. Accordingly, the circuit court confirmed defendant's obligation to pay the accumulated support arrearage. The circuit court further rejected defendant's equitable arguments, holding that defendant had come to the court with unclean hands because he had made no payments on his Michigan support obligation until forced to do so by Florida authorities. Nevertheless, the circuit court waived all past and future surcharges statutorily imposed on defendant's child support arrearage. The circuit court based this decision on its belief that the parties had not contemplated, at the time of the divorce judgment, that interest would accrue on defendant's unpaid child support.

Plaintiff filed an application for leave to appeal, which this Court granted. Plaintiff argues that the trial court lacked authority to waive past and future surcharges imposed on defendant's child support arrearage, given the mandatory language contained in MCL 552.603a; MSA 25.164(3a).[2] We find merit in plaintiff's argument and accordingly reverse the circuit court order and remand for further proceedings consistent with this opinion.

## II. ANALYSIS

The sole issue presented on appeal is whether a circuit court has the authority to waive the surcharges

---

[2] Defendant did not appeal from the circuit court's final order and did not respond to plaintiff's appeal.

statutorily imposed on a party's child support arrearage by MCL 552.603a; MSA 25.164(3a).[3] The answer to that question requires analysis of two closely related provisions of the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.* The first relevant statutory provision, § 3a of that act, MCL 552.603a; MSA 25.164(3a), governs surcharges on delinquent support payments:

> (1) As of January 1 and July 1 of each year, a surcharge calculated at an 8% annual rate shall be added to support payments that are past due as of those dates. The amount shown as due and owing on the records of the friend of the court as of January 1 and July 1 of each year shall be reduced by an amount equal to 2 weeks' support for purposes of assessing the surcharge. . . .
>
> (2) Upon receiving money for payment of support, the friend of the court shall apply the amount received first to current support and then to pay any support arrearage including any surcharges imposed under this section.

The second relevant statutory provision, subsection 2 of § 3 of the act, MCL 552.603(2); MSA 25.164(3)(2), governs retroactive modification of support orders:

> Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter . . . is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. Retroactive modification of a support payment due under a support order is permissible with respect to any period during which there is pending a petition for modification, but

---

[3] Because defendant did not appeal the circuit court's decision, we do not consider the merits of the circuit court's holding that the Florida stipulation and order did not modify the terms of the Michigan support order.

only from the date that notice of the petition was given to the payer or recipient of support.

Statutory interpretation involves a question of law subject to review de novo. *People v Law*, 459 Mich 419, 423; 591 NW2d 20 (1999). " 'When a statute is clear and unambiguous, it must be applied as written . . . .' " *Harvey v Harvey*, 237 Mich App 432, 438; 603 NW2d 302 (1999), quoting *Waple v Waple*, 179 Mich App 673, 676; 446 NW2d 536 (1989). Our review of both § 3a and § 3 compels us to conclude that the circuit court committed error requiring reversal when it waived the past and future surcharges applicable to defendant's child support arrearage.

### A. DISCRETION TO MODIFY SURCHARGES

First, plaintiff points to the plain language of § 3a, which provides that an eight percent surcharge "shall be added to support payments that are past due." Plaintiff argues that the Legislature's use of the term "shall" makes the imposition of the surcharge mandatory and deprives the circuit court of discretion to modify the surcharge. We agree. "In interpreting a statute, we apply the rule of ordinary usage and common sense. Applying such a rule, the word 'shall' generally denotes a mandatory duty." *People v Kelly*, 186 Mich App 524, 528-529; 465 NW2d 569 (1990) (citations omitted). Further, "use of the term 'shall' rather than 'may' indicates mandatory rather than discretionary action." *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994), citing *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612 and n 7; 321 NW2d 668 (1982). We conclude that the plain language of § 3a mandates the imposition of an eight percent surcharge on child

support payments that are past due and deprives the circuit court of discretion to modify such surcharges. Therefore, the circuit court's decision to waive defendant's past and future surcharges must be reversed.

B. RETROACTIVE MODIFICATION OF ACCUMULATED SURCHARGES

In addition to the plain language of § 3a, we find that the plain language of § 3 also requires reversal of the circuit court's order. Section 3 provides that a child support order is not subject to retroactive modification. This Court has previously held that § 3 prohibits a circuit court from retroactively modifying a party's accumulated child support arrearage. *Harvey, supra; Waple, supra.* We conclude that the statutory surcharge described in § 3a, once imposed by the friend of the court, becomes part of a party's child support arrearage. Therefore, § 3 prohibits a circuit court from retroactively modifying the statutory surcharges.

In *Waple, supra,* this Court considered whether a circuit court was authorized to reduce an arrearage resulting from overdue child support payments. In that case, the judgment of divorce fixed the defendant's support obligation at $108 a week. During postjudgment proceedings, the defendant filed a motion requesting a reduction in his support obligation. The circuit court ruled in the defendant's favor and reduced his weekly support obligation to $26, primarily based on the fact that one of the children for whom he was paying support was living with the defendant. The court made that support obligation retroactively effective to a date preceding the filing of the defendant's motion to reduce support and forgave the arrearage that had accumulated before the defen-

dant filed his motion to reduce support. On appeal, this Court examined the language of § 3 and concluded that the circuit court was not authorized to retroactively modify the defendant's child support arrearage for those periods before the service of the defendant's petition for modification of support. *Waple, supra* at 674.

In *Harvey, supra,* this Court again considered whether a circuit court was authorized to retroactively modify a child support arrearage. In that case, the custody of the minor children remained in flux for several years. After the plaintiff regained custody of all three children, she moved from Marquette County to Alger County and requested that the postjudgment proceedings be transferred to the Alger Circuit Court. In the transfer order, the Marquette Circuit Court stated that the defendant owed no arrears on his child support obligations. After the Alger Circuit Court assumed jurisdiction over the case, it recalculated defendant's support obligation and imposed an arrearage of approximately $15,000 on the defendant, relating to the period when the custody of the minor children had been in flux. This Court reversed, holding that the plain language of § 3 prohibited the Alger Circuit Court from retroactively modifying defendant's child support arrearage. *Harvey, supra* at 439.

Applying *Waple* and *Harvey* to the instant case, it is clear that the circuit court lacked the authority to retroactively modify defendant's child support arrearage for any period before the service of defendant's petition for modification of support. The question then becomes whether surcharges imposed by the friend of the court under § 3a become part of a party's arrearage. We conclude that they do.

Section 3a provides that surcharges shall be calculated and assessed as of January 1 and July 1 of each year. The statutory section then describes how the friend of the court shall apply the support payments it receives:

> (2) Upon receiving money for payment of support, the friend of the court shall apply the amount received first to current support and then to pay *any support arrearage including any surcharges imposed under this section.* [MCL 552.603a(2); MSA 25.164(3a)(2) (emphasis added).]

We believe that the plain language of subsection 3a(2) treats surcharges imposed on unpaid child support as a portion of the party's arrearage. The prohibition against retroactive modification of child support arrearages contained in § 3 therefore applies to child support surcharges imposed by § 3a. Applying § 3 to the present case, we conclude that the circuit court was not authorized to waive any surcharges that accrued before May 5, 1998, the date on which defendant provided plaintiff with notice of the motion for modification of his child support arrearage.

Defendant might have filed an earlier petition with the Michigan courts, seeking a reduction in child support obligations for times when the minor children were not residing with plaintiff. Plaintiff might also have acted to enforce the standing order of child support before she did. However, the parties' various actions and inactions lead, under the applicable statutory language, to this result. *Harvey, supra* at 441. We reverse the circuit court's order insofar as it waived past and future surcharges on defendant's child support arrearage.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.