686 N.W.2d 790 (2004)
262 Mich.App. 596
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Vito MONACO, Defendant-Appellant.
Docket No. 247383.
Court of Appeals of Michigan.
Submitted February 10, 2004, at Detroit.
Decided June 24, 2004, at 9:15 a.m.
Released for Publication September 15, 2004.
*793 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Carl J. Marlinga, Prosecuting Attorney, and Jennifer Frustari Adlhoch, Assistant Prosecuting Attorney, for the people.
Law Offices of James T. Simmons, P.C. (by James T. Simmons), Shelby Township, for the defendant on appeal.
Before: NEFF, P.J. and WILDER and KIRSTEN FRANK KELLY, JJ.
KIRSTEN FRANK KELLY, J.
Defendant appeals by leave granted the trial court's order denying his motion to dismiss the charge of failure to pay court-ordered support (felony nonsupport), MCL 750.165, or quash the bindover. We affirm.

I. Basic Facts and Procedural History
In 1983, defendant's wife filed a complaint for divorce. On August 20, 1984, the trial court entered a default judgment of divorce providing for custody and support of the parties' two minor children. With regard to child support, the order stated:
IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall pay to the Friend of the Court for the County of Macomb to be transmitted to the Plaintiff for the support and maintenance of the minor children of the parties, the sum of $43.44 per week per child, for each of the two (2) minor children ... until each of the said children have attained the age of eighteen or until further Order of this Court.
The younger child's eighteenth birthday was in March 1994.
On December 12, 2002, over eight years after the younger child's eighteenth birthday, the prosecution filed a felony complaint alleging that "on or about" December 11, 2002, defendant violated MCL 750.165. The information stated that defendant, "did not pay support for his or her children, in the amount or at the time stated in an order entered by the Macomb County Circuit Court...."
At the preliminary examination, the prosecution called only one witness. Susan Fox, an attorney and enforcement officer with the Macomb County Friend of the *794 Court (FOC), testified that she had no prior involvement with defendant's case. To testify about the case, she obtained defendant's file and reviewed the notes, the default judgment of divorce, and a printout of the child support arrearages and payments. Defendant objected to the admission of these documents, but the trial court overruled the objections. The printout showed defendant's total child support arrearage but only the payments made since August 2000. Fox explained that an arrearage is computed by taking the child support charge minus the child support payments plus the surcharge. Beginning in January 1996, a surcharge attached to defendant's account twice a year. According to the printout, defendant last paid child support on November 2, 2001, in the amount of $200. At that time, defendant's total arrearage was $57,556.31.
The prosecution moved for defendant to be bound over as charged. In anticipation of defendant's argument that the charge was time-barred, the prosecution asserted that once defendant made the payment in November 2001, he revived his obligation to pay the arrearage. After denying defendant's request for time to research the statute of limitations, the district court bound defendant over on the charge of felony nonsupport. The district court determined that "an arrearage did exist on the date of December 11, 2002 and that the last payment was made on  in November of 2001." The trial court concluded that "this is still a live judgment and therefore subject to the enforcement of the criminal sanctions."
Defendant filed a motion to dismiss the charge or quash the bindover. Defendant argued that the charge should be dismissed for two reasons. Defendant argued that because "the information was filed over 8-1/2 years after the last act that would have constituted a violation of the statute," the statutory period of limitations had expired. Defendant also argued that the charge violates ex post facto prohibitions because the act for which he was charged occurred before the amendment of MCL 750.165. Defendant moved to quash the bindover on the basis that the trial court erred in admitting the judgment of divorce and the FOC printout.
The trial court denied defendant's motion to dismiss the felony-nonsupport charge. With regard to defendant's statute of limitations argument, the trial court determined that because defendant's last payment was due on March 3, 1994, the charge was not time-barred by the ten-year period of limitations in MCL 600.5809(4). With regard to defendant's ex post facto argument, the trial court determined that the amendment only clarified minor aspects of the statute and did not allow the prosecution to convict on less evidence.
The trial court also denied defendant's motion to quash the bindover. The trial court ruled that the true copy of the default judgment of divorce was admissible under MRE 902(4) because it was "certified as correct by the custodian ... authorized to make the certification" and admissible under MRE 1003(1) because the authenticity of the original default judgment was not in dispute. The trial court also ruled that the FOC printout was admissible under MRE 803(8) because the document recorded child support payments and arrearages as an activity of the FOC. The trial court concluded that the prosecution satisfied the probable cause requirement for the bindover.

II. Analysis

A. Motion to Dismiss the Charge
Defendant first argues that the trial court erred in denying his motion to dismiss the charge because (1) it erred in *795 applying the ten-year period of limitations in MCL 600.5809(4) and (2) the charge violated ex post facto prohibitions. We review de novo a trial court's ruling on a motion to dismiss a charge on legal grounds. People v. Owen, 251 Mich.App. 76, 78, 649 N.W.2d 777 (2002).

1. Statute of Limitations
We agree that the trial court erred in applying the ten-year period of limitations in MCL 600.5809(4). MCL 600.5809 generally sets forth a ten-year period of limitations for civil claims to enforce noncontractual money obligations:
(1) A person shall not bring or maintain an action to enforce a noncontractual money obligation unless, after the claim first accrued to the person or to someone through whom he or she claims, the person commences the action within the applicable period of time prescribed by this section.
MCL 600.5809(4) more specifically addresses support orders:
For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.650 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made.
But the statute as a whole clearly applies only to civil actions, not criminal charges. If the language of a statute is clear, no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover. People v. Pasha, 466 Mich. 378, 382, 645 N.W.2d 275 (2002). MCL 600.5809 sets forth a ten-year period of limitations for civil claims seeking enforcement and collection of a noncontractual money obligation. It does not identify any criminal charges whatsoever. Even MCL 600.5809(2), which applies in the criminal context, applies only to civil forfeiture actions based on a penal statute. MCL 600.5809(4) clearly identifies actions brought under the support and parenting time act and makes no reference at all to criminal charges, let alone the charge of felony nonsupport. Further, although the felony-nonsupport charge is related to an order of support pursuant to the support and parenting time act, it is a distinct criminal action that is not covered by MCL 600.5809.
The appropriate statutory limitations period is set forth in MCL 767.24(4). MCL 767.24 generally identifies four different limitations periods for four different crime categories:
(1) An indictment for murder, or criminal sexual conduct in the first degree, or a violation of ... MCL 750.543a to 750.543z, or a violation of ... MCL 750.200 to 750.212a, that is punishable by life imprisonment may be found and filed at any time.
(2) An indictment for a violation or attempted violation of ... MCL 750.145c, 750.520c, 750.520d, 750.520e, and 750.520g, may be found and filed as follows:
(a) Except as otherwise provided in subdivision (b), an indictment may be found and filed within 10 years after the offense is committed or by the alleged victim's twenty-first birthday, whichever is later.
(b) If evidence of the violation is obtained and that evidence contains DNA that is determined to be from an unidentified individual, an indictment against that individual for the violation may be found and filed at any time after the offense is committed. However, after *796 the individual is identified, the indictment shall be found and filed within 10 years after the individual is identified or by the alleged victim's twenty-first birthday, whichever is later.
* * *
(3) An indictment for kidnapping, extortion, assault with intent to commit murder, attempted murder, manslaughter, conspiracy to commit murder, or first-degree home invasion shall be found and filed within 10 years after the offense is committed.
(4) All other indictments shall be found and filed within 6 years after the offense is committed. [Emphasis added.]
Because MCL 750.165 is not identified in subsections 1 to 3, it necessarily falls under subsection 4, which unambiguously identifies "all other indictments." It is a settled rule of statutory construction that, unless otherwise defined in a statute, statutory words or phrases are given their plain and ordinary meanings. MCL 8.3a; People v. Libbett, 251 Mich. App. 353, 365-366, 650 N.W.2d 407 (2002). "[T]here is no broader classification than the word `all.' In its ordinary and natural meaning, the word `all' leaves no room for exceptions." Skotak v. Vic Tanny Int'l, Inc., 203 Mich.App. 616, 619, 513 N.W.2d 428 (1994).
Applying MCL 767.24(4), we next consider whether the felony-nonsupport charge against defendant is barred by the statute of limitations. Defendant contends that the charge is barred because his support obligation ceased in March 1994, on his younger child's eighteenth birthday. This contention is premised on the idea that he ceased owing support on that date and his subsequent failure to pay the arrearage is not the same as failing to pay the support ordered. But defendant's argument is based on a fundamental misunderstanding of the nature of child support.
Generally, a child support order is not subject to retroactive modification after the due date of each payment (except in limited circumstances not relevant here). MCL 552.603(2). But when a court-ordered child support payment is not made, an arrearage accrues. Beginning in 1996, the Legislature imposed surcharges in FOC child support cases that showed arrearages. MCL 552.603a. This surcharge is added to a child support payor's arrearage every six months. The definition of "support" in MCL 552.602(ee) indicates that the Legislature intended the surcharges to be included in the amount of support owed:
"Support" means all of the following:
(i) The payment of money for a child or a spouse ordered by the circuit court, whether the order is embodied in an interim, temporary, permanent, or modified order or judgment....
* * *
(iii) A surcharge accumulated under section 3a.
The Legislature set forth the manner in which the surcharges are added to the child support owed in MCL 552.603a(1):
(1) For a friend of the court case, as of January 1 and July 1 of each year, a surcharge shall be added to support payments that are past due as of those dates. The surcharge shall be calculated at 6-month intervals at an annual rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer. The amount of the surcharge shall not compound. The *797 amount shown as due and owing on the records of the friend of the court as of January 1 and July 1 of each year shall be reduced by an amount equal to 1 month's support for purposes of assessing the surcharge. A surcharge under this subsection shall not be added to support ordered under the paternity act, 1956 PA 205, MCL 722.711 to 722.730, for the time period to the date of the support order.
Accordingly, surcharges are mandatory and, "once imposed by the friend of the court, become[ ] part of a party's child support arrearage." Adams v. Linderman, 244 Mich.App. 178, 185, 624 N.W.2d 776 (2000). Because the surcharge is defined as support and is added to the amount of the arrearage, the total arrearage at any given time is the amount of child support ordered. We recognize that if child support payments are still in arrears after the child turns eighteen, the payments may in fact no longer support the child. But this does not change the character of the obligation to pay "money for a child or spouse ordered by the circuit court." MCL 552.602(ee).
As such, the failure to pay an arrearage is an ongoing violation of MCL 750.165, which provides in relevant part:
(1) Refusing to support wife or children as required in decree of separate maintenance or divorce or order of court  If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both.
(2) This section does not apply unless the individual ordered to pay support appeared in, or received notice by personal service of, the action in which the support order was issued. [Emphasis added.]
The elements of a felony nonsupport under MCL 750.165 are (1) the defendant was required by a decree of separate maintenance or divorce order to support a child or current or former spouse, (2) the defendant appeared in or received notice by personal service of the action in which the order was issued, and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered. Failure to pay can be established in two ways: (1) defendant fails to pay at the time stated in the order, or (2) in the amount stated in the order.
This is unlike the previous version of the statute, amended by 1999 PA 152, effective November 3, 1999, which made it a violation to "refuse or neglect to pay such amount at the time stated in such order." Under the previous statute, failure to pay only occurred when the defendant failed to pay the amount owed at the time it was owed. Under the amended statute, there are two theories of failure to pay: the "amount owed theory" and the "time ordered theory."
This Court has already determined that a violation of the felony-nonsupport statute is a continuing violation. People v. Westman, 262 Mich.App. 184, 685 N.W.2d 423 (2004). Expanding on this ruling, we hold that a violation may be continuing under either the "amount owed theory" or the "time ordered theory." Under the "amount owed theory," the violation continues as long as an ordered support goes unpaid. The amount ordered is at the same time increased and reaffirmed each time the surcharge is added. For this reason, an "amount owed" violation may continue even beyond the child's eighteenth birthday. Under the "time ordered *798 theory," the defendant violates MCL 750.165 when he fails to make the weekly support payment. The defendant also violates MCL 750.165 at the time each surcharge is added to the account and, at the same time, becomes due and owing.
We next address how the statute of limitations applies to an ongoing violation of MCL 750.165. Where a defendant's wrongful acts are of a continuing nature, the statutory period of limitations will not run until the wrong is abated; therefore the criminal activity is committed each day that the conduct continues. Owen, supra. The statutory period of limitations for a continuing offense begins to run when the last criminal act is committed. When there is an ongoing violation of 750.165, the last criminal act is committed at the last moment the defendant fails to pay the ordered support. In some cases, the last criminal act may occur long after the child reaches the age of eighteen. But as long as the defendant never pays, the statutory period of limitations never begins to run. If the defendant pays the arrearage, the statutory period of limitations begins to run the moment before he pays because that is the last moment in which he has committed the felony of failing to pay the amount ordered. Accordingly, the crime of felony nonsupport continues until the last date a defendant intentionally fails to pay child support that he is legally obligated to pay.
Applying these principles to this case, we conclude that the statutory period of limitations on the felony-nonsupport charge against defendant has not yet begun to run. It is apparent from the lower court record and the briefs on appeal, that the prosecution charged defendant under the "amount owed theory." The statutory period of limitations on this charge has not yet begun to run because defendant to this day has not paid the amount of child support ordered. The circuit court ordered defendant to pay child support in August 1984. The evidence produced by the prosecution at the preliminary examination disclosed that defendant apparently only made one payment of $200 in November 2001. Every six months beginning in 1996, a surcharge has been added to defendant's outstanding arrearage. This surcharge plus the outstanding arrearage becomes the total amount of child support owed. Because defendant never paid the total amount owing, his felonious act is ongoing to this day. Therefore, the six-year statutory period of limitations has not yet begun on the felony-nonsupport charge against defendant. We affirm the trial court's denial of defendant's motion to dismiss even though it reached the right result for the wrong reason. In re Powers, 208 Mich.App. 582, 591, 528 N.W.2d 799 (1995).

2. Ex Post Facto Violation
Defendant also argues that the charge should have been dismissed because it violated the ex post facto clauses of the Michigan and federal constitutions, Const. 1963, art. 1, § 10; U.S. Const., art. I, § 10. Defendant's ex post facto challenge raises questions of law that we review de novo on appeal. Westman, supra at 187, 685 N.W.2d 423.
Defendant argues that the felony-nonsupport charge against him violates ex post facto prohibitions because the Legislature substantively amended MCL 750.165 effective November 3, 1999, yet defendant's failure to pay child support occurred between 1984 and 1994. But this Court recently determined there is no ex post facto violation where the failure to pay child support continued after the effective date of the amendment of MCL 750.165. Westman, supra. In light of *799 Westman and on the basis of our decision that defendant's failure to pay the child support arrearage is an ongoing violation of 750.165, we conclude that felony-nonsupport charge against defendant does not violate ex post facto prohibitions.

B. Motion to Quash the Bindover
Defendant also argues that the circuit court erred in denying his motion to quash the bindover when the district court improperly relied on the default judgment of divorce and FOC documents in deciding to bind him over. We disagree. This Court reviews the circuit court's analysis of a bindover de novo and the magistrate's bindover decision for an abuse of discretion. People v. Hudson, 241 Mich.App. 268, 276, 615 N.W.2d 784 (2000).
Defendant first argues that the district court erred in admitting the default judgment of divorce under MRE 902(4) because it was not a certified copy. The circuit court determined that the document was admissible under MRE 902(4) or MRE 1003. We agree that it was admissible under MRE 1003, which states in pertinent part:
A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.
Defendant never raised a genuine question regarding the authenticity of the original default judgment of divorce and was willing to stipulate that it was, in fact, a true copy. Further, it was not inherently unfair to admit the true copy because it only served to establish that defendant was ordered to pay child support, a fact that defendant does not contest. Although the district court did not admit the judgment of divorce under MRE 1003, the circuit court properly concluded that it was admissible under this rule.
Defendant also argues that the district court erred in admitting the FOC printout because it was incomplete, unauthenticated, and hearsay. The circuit court affirmed the district court's admission of the FOC printout under MRE 803(8)(A), which excludes from the hearsay rule:
(8) Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency....
The FOC printout was properly admitted under this rule because it is a record of FOC activities in administering its obligation to calculate and collect child support payments. MCR 3.208; MCL 552.509 to 552.509a; MCL 552.511; MCL 552.528. The circuit court did not err in concluding that the FOC printout was admissible.
These documents along with the testimony presented at the preliminary examination demonstrate probable cause to bind over defendant on the felony-nonsupport charge. Generally, the prosecutor is required to demonstrate at the preliminary examination that a crime has been committed and that there is probable cause to believe that defendant committed the crime. MCL 766.13; People v. Harlan, 258 Mich.App. 137, 145, 669 N.W.2d 872 (2003). "The probable cause standard is not a very demanding threshold." Id. It is sufficient that the prosecutor presents some evidence of each element of the charged offense or evidence from which the elements may be inferred. Id.
The prosecution presented sufficient evidence of probable cause to bind defendant over on the felony-nonsupport charge. The default judgment of divorce established that defendant received notice of the divorce action and was ordered to pay child support. Fox testified that defendant failed to pay the arrearage plus the *800 added surcharges, which, as discussed above, constituted the amount of child support ordered. The FOC printout also showed accrual of the arrearages. Therefore, the district court did not abuse its discretion in binding over defendant on the felony-nonsupport charge.
Affirmed.
JANET T. NEFF AND KURTIS T. WILDER, JJ., concur.