*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAYANT D. BHAT,

      Plaintiff-Appellee,

v

ANURADHA BHAT,

      Defendant-Appellant.

UNPUBLISHED
February 20, 2020

No. 346087
Oakland Circuit Court
Family Division
LC No. 2003-687207-DO

Before: SHAPIRO, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Anuradha Bhat, appeals by leave granted[1] the trial court's denial of defendant's second motion for summary disposition under MCR 2.116(C)(8), or in the alternative, for an evidentiary hearing regarding arrearages. We affirm.

## I. BACKGROUND

The parties divorced in 2005. The March 2005 judgment of divorce provided that plaintiff, Jayant D. Bhat, would pay defendant $9,000 in monthly support for 30 months and $8,500 thereafter until modified by further court order. The judgment further permitted plaintiff to deduct defendant's contribution to their son's college education expenses from the spousal support obligation.

In March 2006, plaintiff moved to reduce the amount of spousal support, in part because defendant had moved to India where she had lower living expenses. The trial court entered a consent interim order in July 2006 memorializing the parties' agreement to reduce spousal support from $9,000 per month to $7,000 per month, pending the result of a referee hearing. However, no hearing was ever held. Plaintiff continued to deduct $2,000 each month from the spousal support

---

[1] *Bhat v Bhat*, unpublished order of the Court of Appeals, entered February 6, 2019 (Docket No. 346087).

payment to reflect defendant's contribution to the parties' son's education expenses, resulting in a support payment of $5,000.

Defendant moved to increase spousal support in March 2009, arguing that she should receive $8,500 as stated in the judgment of divorce. Defendant also argued that after the parties' son had graduated from college in 2007, plaintiff continued to deduct $2,000 from his support payments to defendant. Defendant sought reimbursement of the unpaid support. The trial court referred the motion for a referee hearing. Over the next year, the referee hearing was adjourned several times. Ultimately, the trial court dismissed the order of referral, and plaintiff continued to pay defendant $5,000 in monthly spousal support.

Plaintiff moved to terminate spousal support in February 2017 because he was retiring due to health problems that impeded his ability to work. Defendant opposed termination of support, and again claimed plaintiff owed her unpaid support. Specifically, defendant argued that she was entitled to the $2,000 per month that plaintiff had failed to pay directly to her following their son's graduation from college. Defendant argued that the July 2006 order remained in effect because a spousal support order could not be modified retroactively. Plaintiff maintained that the parties had agreed that $2,000 was added to spousal support to cover their son's education but was not intended to be spousal support at any point. Plaintiff further argued that defendant had not previously pursued this argument to completion and that belated enforcement would be prejudicial because plaintiff was no longer employed. The trial court granted plaintiff's motion to terminate the spousal support obligation.

Defendant subsequently filed a motion for summary disposition under MCR 2.116(C)(8), requesting a hearing on the claimed arrearage and arguing that plaintiff failed to state a claim when he argued that the parties agreed to the reduced amount of spousal support. Defendant argued that the judgment could only be modified in writing or on the record in court, as required by MCR 2.507(G), and that retroactive modification of spousal support was not permitted under MCL 552.603. For these reasons, defendant argued, the parties' conduct was irrelevant.

The trial court denied defendant's motion and declined to schedule a hearing on the arrearage. The trial court determined that defendant had abandoned the argument that she was entitled to $7,000 when she failed to pursue the motion brought in 2009 and failed to raise any further challenge. The trial court noted that the parties "never operated" under the July 2006 order setting the amount of support at $7,000 when plaintiff "always" paid $5,000 with $2,000 going to the parties' son's college education. Additionally, defendant "enjoyed the benefit of" contributing to her son's education, as she wanted. The trial court rejected defendant's argument that the parties' conduct was irrelevant, reasoning that defendant's request for unpaid support was unfair to plaintiff when he had paid $5,000 since 2006. The parties had also been financially stable during that time. The trial court agreed with plaintiff that he would face hardship if forced to repay at least nine years' worth of unpaid support at $24,000 per year. This appeal followed.

-2-

## II.  DISCUSSION

### A.  RETROACTIVE MODIFICATION OF SPOUSAL SUPPORT

Defendant first argues that the trial court erred by modifying spousal support retroactively. We disagree.

This Court reviews matters of statutory interpretation de novo. *Malone v Malone*, 279 Mich App 280, 284; 761 NW2d 102 (2008). The purpose of statutory interpretation is to effectuate the intent of the Legislature. *Hudson v Hudson*, 314 Mich App 28, 34; 885 NW2d 652 (2016). This Court applies the plain language of the statute as written when it is clear and unambiguous. *O'Leary v O'Leary*, 321 Mich App 647, 652; 909 NW2d 518 (2017).

MCL 552.603(2) prohibits retroactive modification of support orders:

> (2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due as prescribed in section 5c, with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. No additional action is necessary to reduce support to a final judgment. Retroactive modification of a support payment due under a support order is permissible with respect to a period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.

This provision unambiguously states that support cannot be modified retroactively any earlier than the date of notice of a petition to modify support. *Waple v Waple*, 179 Mich App 673, 676; 446 NW2d 536 (1989). "The immediate motivation for the enactment of this statute was the inception of federal legislation requiring state law to include a provision making each support payment the equivalent of a final judgment and prohibiting retroactive modification." *Id*. at 677. Whether to modify support retroactively to the date of notice of the petition "is a matter within the trial court's discretion." *Clarke v Clarke*, 297 Mich App 172, 187; 823 NW2d 318 (2012). However, a "*temporary* support order entered under supreme court rule" is excluded from the general prohibition on retroactive modification. MCL 552.603(3) (emphasis added). See *Proudfit v O'Neal*, 193 Mich App 608, 611; 484 NW2d 746 (1992), where this Court concluded that retroactive modification of a child support order was permissible because the order was a temporary order.

In this case, the parties do not dispute that the last support order was temporary. Indeed, the July 2006 consent interim order setting spousal support at $7,000 was entered in response to plaintiff's March 2006 motion to reduce spousal support.

MCR 3.207(C) governs temporary orders:

> (1) A request for a temporary order may be made at any time during the pendency of the case by filing a verified motion that sets forth facts sufficient to support the relief requested.

(2) A temporary order may not be issued without a hearing, unless the parties agree otherwise or fail to file a written objection or motion as provided in subrules (B)(5) and (6).

(3) A temporary order may be modified at any time during the pendency of the case, following a hearing and upon a showing of good cause.

(4) A temporary order must state its effective date and whether its provisions may be modified retroactively by a subsequent order.

(5) A temporary order remains in effect until modified or until the entry of the final judgment or order.

(6) A temporary order not yet satisfied is vacated by the entry of the final judgment or order, unless specifically continued or preserved. This does not apply to support arrearages that have been assigned to the state, which are preserved unless specifically waived or reduced by the final judgment or order.

The July 2006 order was an interim order entered with the agreement of both parties, consistent with MCR 3.207(C)(2). The July 2006 order gave an effective date of June 1, 2006, for the agreed-upon $7,000 monthly spousal support, and it provided that "the end result of the Friend of the Court hearing may differ from the interim reduction consented to by the parties." These provisions are consistent with MCR 3.207(C)(3) and (C)(4).

Although defendant filed a motion to modify spousal support in March 2009, that motion was referred for a referee hearing that never took place. The referral order was the only order addressing defendant's motion to modify spousal support, and the referral was ultimately withdrawn. Thus, the July 2006 interim order remained the last order addressing spousal support. Although there is nothing in the record before us to suggest that at any point the July 2006 interim order became a final order, under MCR 3.207(C)(5), that order remained in effect until December 2017.

The passage of time does not alter the temporary nature of the July 2006 order: MCL 552.603(2) and (3) contain no time limitation. Because the July 2006 order was a temporary support order, it falls within the exception in MCL 552.603(3) to the ban on retroactive modification of support in MCL 552.603(2). Therefore, we conclude that when plaintiff moved to terminate spousal support in 2017, the trial court did not err as a matter of law when it effectively modified spousal support retroactively by enforcing the parties' conduct for over the preceding 10-year period.

## B. MODIFICATION IN THE ABSENCE OF A SIGNED WRITING

Defendant also argues that the trial court violated MCR 2.507(G) by modifying a court order on the basis of the parties' conduct in the absence of a signed writing. Again, we disagree.

This Court reviews the interpretation of a court rule de novo. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 445; 861 NW2d 303 (2014). The same rules governing statutory interpretation apply to the interpretation of court rules. *Id.*

MCR 2.507(G) provides:

> (G) Agreements to be in Writing. An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

This rule applies to an agreement reached by the parties, such as a property settlement in a divorce case. See, e.g., *Rettig v Rettig*, 322 Mich App 750, 744-755; 912 NW2d 877 (2018). The rule requires the enforcement of the terms of an agreement as written. *Myland v Myland*, 290 Mich App 691, 700-701; 804 NW2d 124 (2010).

Defendant's reliance on MCR 2.507(G) is misguided because here, the trial court's ruling was the resolution of a contested proceeding. Comparatively, MCR 2.507(G) applies to situations where the parties have come to an agreement, and are seeking to memorialize that agreement in writing. The July 2006 order setting the amount of monthly support at $7,000 was the last written order regarding spousal support, and was not subsequently modified until the trial court terminated spousal support in December 2017. The absence of a written modification of the July 2006 order is irrelevant because the trial court's modification of that order reflected its resolution of a contested proceeding, being defendant's motion to terminate spousal support. Because termination of defendant's spousal support was not a consensual agreement, MCR 2.507(G) is inapplicable, and does not prevent the trial court from considering the parties' conduct in granting plaintiff's motion to terminate spousal support.

We affirm.

/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Michael J. Kelly