MALONE v MALONE

Docket No. 272327. Submitted January 8, 2008, at Detroit. Decided June 3, 2008, at 9:05 a.m.

Erika Malone obtained a divorce from Roy E. Malone in the Wayne Circuit Court, which awarded the plaintiff custody of the parties' child and ordered the defendant to pay child support. Two years after the child began living with the defendant, the defendant sought modification of income withholding for his child-support obligation, a reduction in his child-support arrearage, and an award of custody. The court, Kathleen M. McCarthy, J., relying on a recommendation by a friend of the court referee and on MCR 2.612 (the court rule on relief from judgment), terminated income witholding and eliminated the defendant's child-support arrearage. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

MCR 2.612 may not be used to set aside accrued child support under the facts presented in this case.

1. A conflict exists between MCL 552.603(2) and MCR 2.612(C). MCL 552.603(2) expressly provides that a child-support order is not subject to retroactive modification except with respect to the period during which there is a properly filed and served petition for support modification, while MCR 2.612(C) gives a trial court the authority to grant a party relief from judgment on multiple grounds. The statute reflects the public policy of ensuring the enforceability of support orders for the protection of children. Where, as in this case, a court rule contravenes a legislatively declared principle of public policy, the court rule must give way to the statute.

2. The defendant is entitled to partial retroactive modification under MCL 552.603(2) from the date he filed his motion to modify the income-witholding order and adjust the child-support arrearage. However, because it is unclear whether the defendant paid support after he filed his motion or how much he paid if he did so, the case must be remanded for a determination of the defendant's support arrearage.

Reversed and remanded for further proceedings.

DIVORCE — CHILD SUPPORT — RETROACTIVE MODIFICATION.

> As long as the minimum protections of due process are afforded to
> the party ordered to pay child support, the child-support obligation
> is, by statute, not subject to retroactive modification, except with
> respect to the period during which these is a properly filed and
> served petition for support modification, and the circuit court may
> not rely on the court rule governing relief from judgment to
> retroactively modify the child-support order (MCL 552.603[2];
> MCR 2.612[C]).

*Richard Smutek* for the plaintiff.

*Mary Beth Leija* and *Scott Bassett* for the defendant.

Before: TALBOT, P.J., and ZAHRA and METER, JJ.

ZAHRA, J. Plaintiff appeals by leave granted the circuit court's order vacating defendant's outstanding child-support arrearage of $5,647.27. This case requires us to determine whether MCR 2.612, the relief-from-judgment court rule, may be used to set aside accrued child support. We hold that under the facts presented in this case, MCR 2.612 cannot be so used. MCL 552.603 expressly provides that a child-support order is not subject to retroactive modification except with respect to the period during which there is a properly filed and served petition for support modification. For reasons more fully stated in this opinion, we reverse the order of the trial court and remand this case for further proceedings.

## I. BASIC FACTS

The parties were divorced on October 7, 1988, and, in a judgment entered by the Wayne Circuit Court, plaintiff was awarded custody of their only child. Defendant was initially ordered to pay $40 a week in child support. In 1994, on plaintiff's motion, the circuit court in-

creased child support to $80 a week. Defendant was also required to pay an additional amount toward a child-support arrearage he had accrued.[1] The parties continued to live together from 1988 until they separated in 1992. The child lived with plaintiff between 1992 and 2004.

Defendant alleged that plaintiff and the child began experiencing serious problems in 2004, and domestic violence charges were filed against the child in the family division of the Macomb Circuit Court after an alleged altercation with plaintiff. As a result of those charges, the child lived with defendant in February and March 2004, but then returned to live with plaintiff from April 2004 to July 15, 2004. Defendant alleged that the child was released to his care and custody by the Macomb Circuit Court on July 15, 2004, and that the child has resided with him since that date.

Defendant alleged that financial hardship prevented him from filing in the Wayne Circuit Court a motion to change custody or modify support after the child was placed with him. Defendant nonetheless continued to pay support. Nearly two years passed before defendant filed in the Wayne Circuit Court his March 7, 2006, motion to modify child support. Defendant requested that the trial court modify his support obligation pending further investigation and also adjust the support arrearage dating back to February 2004, to give him credit for child-support payments he alleged that plaintiff fraudulently received on behalf of the child when the child was no longer in the custody of plaintiff. Along

---

[1] Plaintiff claims in her brief on appeal that defendant was ordered to pay $20 a week toward his child-support arrearage. Defendant claimed in his March 2006 motion to modify income withholding and adjust support arrearage that he was paying $80 a week to reduce his arrearage. We are unable to determine from the record the amount defendant was ordered to pay or the amount defendant actually paid toward his arrearage.

with his motion to modify support, defendant also filed a motion seeking a formal award of custody of the child to him.

At the hearing on defendant's motion, plaintiff agreed that the child was living with defendant. The central issue concerned whether the support obligation and arrearage could be retroactively adjusted. The parties also disagreed on the dates the child began living with defendant. At the conclusion of the hearing, the friend of the court (FOC) referee in the Wayne Circuit Court indicated on the record that she believed that the Macomb Circuit Court "erred in not stopping [defendant's] child support and ordering mom to pay." "So, I think under those circumstances the court can rectify it." "It was the court's error."

At a second hearing the referee again stated on the record that the Macomb Circuit Court should have ended defendant's child-support obligation once the child was placed with defendant. The referee believed that support should have been abated 100 percent at that time and that the court should be able to correct its own mistakes. The hearing then focused on the dates the child began living with defendant. Later, the referee made the following recommendation:

> That the arrears owed to Erika Malone be set at zero as of 6-13-06. The FOC records show $5647.27 owed to Ms. Malone. This referee calculates that Dad had the child for a period of approximately 19 months due to juvenile court involvement. He was still charged support, assessed surcharges and he paid support.

Plaintiff appealed the referee's recommendation in the Wayne Circuit Court. Plaintiff argued that the recommendation "retroactively and ambiguously calculated 100% abatement of child support based on random dates of the child living with both parents and contrary

to MCL 552.603 and the appellate case of *Waple vs Waple*, 179 Mich App 673, [sic] (1989)." The circuit court entertained plaintiff's objections to the referee's recommendation at a hearing, but ultimately agreed with the FOC referee. The circuit court entered an order adopting the FOC referee's recommendation and stated "that arrears owed to Plaintiff be set at zero as of 6-13-06. Income withholding order against Defendant shall be terminated. Referee Recommendation of 6-13-06 shall be adopted. Relief granted per MCR 2.612 by Court."

## II. RETROACTIVE MODIFICATION OF CHILD SUPPORT

### A. STANDARD OF REVIEW

In *Fisher v Fisher*, 276 Mich App 424, 427; 741 NW2d 68 (2007), this Court summarized the applicable standard of review as follows:

> Generally, this Court reviews child support orders and orders modifying support for an abuse of discretion. *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). Whether the trial court properly acted within the child support guidelines is a question of law that this Court reviews de novo. *Id.* at 516. This Court also reviews questions of statutory construction de novo. *Perry v Golling Chrysler Plymouth Jeep, Inc*, 477 Mich 62, 65; 729 NW2d 500 (2007).

### B. ANALYSIS

At issue is MCL 552.603, which provides in relevant part:

> (1) A support order issued by a court of this state shall be enforced as provided in this act.

> (2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a

domestic relations matter is a judgment on and after the date the support amount is due as prescribed in [MCL 552.605c], with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. Retroactive modification of a support payment due under a support order is permissible with respect to a period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.

The interpretation of the above statute is at the heart of this case.

When interpreting a statute, our primary obligation is to ascertain and effectuate the intent of the Legislature. To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted. [*Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007) (citations omitted).]

In *Waple v Waple*, 179 Mich App 673, 675-677; 446 NW2d 536 (1989), this Court held that an earlier version of MCL 552.603, which substantially corresponds to the current version, barred the defendant from abating a child-support arrearage.[2] This Court held that, "[b]y the unequivocal terms of this statute,

---

[2] That prior version of MCL 552.603, provided in pertinent part:

(1) A support order issued by a court of this state shall be enforced pursuant to the requirements of this section.

(2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter as that term is defined in section 31 of the friend of the court act, Act No. 294 of the Public Acts of 1982, being section 552.531 of the Michigan Compiled Laws, is a judgment on and after the date each support payment is due, with the full force,

retroactive modification of support for periods prior to the September 23, 1987, date of notice of the petition is prohibited." *Id.* at 676. This Court also noted:

> The end result—that defendant is precluded by statute from seeking a reduction in support arrearages for periods when the intended beneficiary of the support resided with him—seems particularly unfair when the law prior to the enactment of MCL 552.603 . . . is considered. Previously, past-due support installments were subject to modification due to a change in circumstances. *Talbot v Talbot*, 99 Mich App 247, 252; 297 NW2d 896 (1980), lv den sub nom *Talbot v Burns*, 410 Mich 903 (1981). Cf. *Dresser v Dresser*, 130 Mich App 130, 136-137; 342 NW2d 545 (1983). A change in physical custody is a change in circumstances. See *Rohloff v Rohloff*, 161 Mich App 766, 769; 411 NW2d 484 (1987), lv den 429 Mich 869 (1987). [*Id.* at 676-677.]

This Court also indicated that equitable circumstances should not be considered because the Legislature intended, "consistent[ly] with overriding federal directives enforceable by a loss of funding, to remove entirely the discretion of the circuit court to consider a change in circumstances." *Id.* at 677. In subsequent published cases, this Court has followed the rule from *Waple* and refused to allow any retroactive modification of support orders, except as provided in MCL 552.603. See *Fisher*, 276 Mich App at 428-431; *Adams v Linderman*, 244 Mich App 178, 185-186; 624 NW2d 776 (2000); *Harvey v Harvey*, 237 Mich App 432, 437-439;

---

effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification.

(3) Retroactive modification of a support payment due under a support order is permissible with respect to any period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.

603 NW2d 302 (1999). Here, however, the Wayne Circuit Court did not follow *Waple*, but held that it could grant defendant relief and retroactively modify the support arrearage pursuant to MCR 2.612. The circuit court specifically granted relief under MCR 2.612(C), which provides, in relevant part:

(C) Grounds for Relief From Judgment.

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. A motion under this subrule does not affect the finality of a judgment or suspend its operation.

Although this Court has consistently held that MCL 552.603(2) does not permit the retroactive modification of child support, this Court has never directly addressed whether MCR 2.612 allows a court to grant a party

relief from a support order by retroactively modifying court-ordered support. We hold that as long as the minimum protections of due process are afforded to a party ordered to pay child support, that party cannot receive retroactive abatement of accrued child-support obligations.

There exists a conflict between MCR 2.612(C) and MCL 552.603(2) regarding authority to grant retroactive relief from a support order. MCL 552.603(2) plainly states that a support order "is not . . . subject to retroactive modification," except in the limited circumstances prescribed in the statute. In contrast, MCR 2.612(C) gives a trial court the authority to grant a party relief from a judgment on multiple grounds.

To decide if a statute and a court rule conflict, each must be read according to its plain meaning. If a conflict exists, a reviewing court must assess whether there are substantive policy reasons for the legislative enactment. A statute is considered substantive if it concerns a matter that has as its basis something other than court administration. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 191; 732 NW2d 88 (2007). " ' "If a particular court rule contravenes a legislatively declared principle of public policy, having as its basis something other than court administration . . . the [court] rule should yield." ' " *People v Williams*, 475 Mich 245, 260; 716 NW2d 208 (2006), quoting *McDougall v Schanz*, 461 Mich 15, 30-31; 597 NW2d 148 (1999), quoting Joiner & Miller, *Rules of practice and procedure: A study of judicial rule making*, 55 Mich L R 623, 635 (1957).

We hold that MCR 2.612(C) and MCL 552.603(2) conflict and may not be reconciled. We further conclude that MCL 552.603(2) was drafted to reflect the public policy of ensuring the enforceability of support orders

for the protection of children. See *Fisher*, 276 Mich App at 429-430; *Hall v Novik*, 256 Mich App 387, 398; 663 NW2d 522 (2003); *Harvey*, 237 Mich App at 438-439. Therefore, we conclude that MCL 552.603(2) represents a clear expression of legislative policy on a substantive matter and, as a result, MCR 2.612(C) must give way to MCL 552.603(2). Accordingly, the trial court erred in concluding that MCR 2.612(C) allowed it to abate defendant's child-support arrearage.

Furthermore, there simply is no basis for allowing equity to intervene in this case. The juvenile proceedings that effectively changed custody of the minor child occurred in Macomb County. Defendant argues that the Macomb County Prosecutor's Office was obligated pursuant to MCR 3.205 to give the Wayne Circuit Court notice of the juvenile proceedings pending in Macomb County. Assuming without deciding that MCR 3.205 applied to the Macomb juvenile proceedings here at issue, this rule does not vest the Macomb Circuit Court with authority to modify the orders of the Wayne Circuit Court. Defendant cites no authority to support the proposition that the Macomb Circuit Court could modify, vacate or in any way alter the order of child support issued by the Wayne Circuit Court. The divorce judgment ordering support was rendered in Wayne County. Defendant should have promptly filed a motion in the Wayne Circuit Court to change custody and abate child support as soon as the child was placed with him.[3]

MCL 552.603(2) allows for the retroactive modification of child support from the date that notice was given to the recipient of the support payments of the petition to modify support. Here, defendant is entitled to a

---

[3] In light of our disposition, plaintiff's argument that defendant failed to establish with any reasonable certainty the dates on which he had physical custody of the child since 2004 is moot.

partial retroactive modification of child support, effective March 7, 2006, the date he filed his motion to modify the income-withholding order and adjust support arrearages. Because it is not clear from the record whether defendant paid support since then or how much he paid if he did so, the case is remanded for a determination of defendant's child-support arrearage.

Finally, we express no opinion on whether defendant can pursue a civil remedy from plaintiff for her wrongful acceptance of support when she did not have physical custody of her minor child. Our opinion is strictly limited to whether MCR 2.612(C) allows for retroactive modification of child support. We further observe that wholly apart from the relief available under MCR 2.612, there may be very rare circumstances in which constitutional due-process protections require a retroactive modification of child support. See *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 9-11; 732 NW2d 458 (2007). One example might be where a support order was entered against a person not legally obligated to pay support and that party was denied notice of the issuance of the support order. However, the factual situation presented here would not mandate such relief.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.