*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUTUMN BROOKE ROMAIN,

        Plaintiff-Appellant,

v

JAMES RANDALL ROMAIN,

        Defendant-Appellee.

UNPUBLISHED
April 16, 2020

No. 347065
Saginaw Circuit Court
LC No. 16-028628-DM

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In this domestic relations matter, plaintiff, Autumn Romain, appeals by leave granted[1] the trial court's order that denied her objections to a referee's report and recommendation regarding child support. Specifically, plaintiff contends that the trial court erred by retroactively modifying a child support order in violation of MCL 552.603(2). We agree in part, and thus we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. RELEVANT FACTS

A consent judgment of divorce entered on May 13, 2016, provided that the parties would have joint legal and physical custody of their three minor children, that the parents would have equal parenting time following a week-on-week-off schedule, and that they would split equally the costs of the children's school lunches, after-school program, and agreed-upon extracurricular activities. A Uniform Child Support Order effective June 1, 2016 required defendant, James Romain, to pay $567 per month as child support and required plaintiff to maintain health-care coverage for the children.

On January 12, 2017, defendant filed a verified motion to modify custody and parenting time and for a restraining order, alleging, among other things, that plaintiff's live-in fiancé had

---

[1] *Romain v Romain*, unpublished order of the Court of Appeals, entered June 24, 2019 (Docket No. 347065).

recently been charged with nine felony counts and was a danger to the children. Relevant to the instant appeal, defendant asked the court for an order "referring the issues of custody, parenting time, and psychiatric evaluation" of plaintiff to the Saginaw Friend of the Court and "awarding the Plaintiff Mother alternating weekend visitation pending the Friend of the Court investigation." After a January 23, 2017 hearing on defendant's motion, the trial court issued an order on February 9, 2017 granting defendant temporary legal and physical custody of the children, referring "the issues of custody and parenting time" to the Saginaw County Friend of the Court for a report and recommendation, and holding in abeyance defendant's child support obligation from January 23, 2017, until further order of the court; no mention was made regarding whether the parties' support obligations would be subject to retroactive modification.

The parties eventually reached an agreement that restored joint legal and physical custody and addressed parenting time, and the trial court entered a stipulated order on June 12, 2017. The order was silent as to child support and did not disturb the court's prior order holding defendant's child support obligations in abeyance. Three months later, plaintiff filed a motion asking the court to reinstate the week-on-week-off parenting time arrangement established by the judgment of divorce and to "refer this matter to the Friend of the Court for review of child support based on the parties' current income . . . ." Defendant filed an answer in opposition to plaintiff's motion.

At the January 5, 2018 hearing on the motion, both parties were present with their attorneys, along with Jennifer VanBenschoten, a representative from the Friend of the Court. Learning that the parties had reached an agreement on some matters, the court asked VanBenschoten to put what she had on the record and see if everyone agreed. VanBenschoten reported what the parties agreed to regarding parenting time, access to the children's counselors, maintaining the provisions of prior orders, and other matters not relevant to the instant appeal, but no mention was made of the retroactive modification of child support. Plaintiff and defendant affirmed under oath that they agreed with the provisions as stated and wanted the court to enter an order containing those provisions.

During the seven months that followed, the parties were unable to agree to a written order incorporating their agreement. The transcript of a February 12, 2018, hearing shows that the parties were not of the same mind regarding whether child support was subject to modification retroactively to the date child support was held in abeyance, or if it instead simply "zeroed" out defendant's obligations to pay plaintiff and support would be calculated "moving forward." The parties submitted dueling proposed orders for entry under the 7-day rule. Among the differences between the proposed orders were the respective provisions addressing child support. The child support provision in defendant's proposed order instructed the Friend of the Court referee to order child support for the time period that it was held in "abeyance along with a child support calculation under the newly-entered [sic] parenting time schedule." The child support provision in plaintiff's proposed order stated that "issues of child support, health care and uninsured health care percentages shall be referred to the Friend of the Court for calculation based on the parties' current incomes[,]" and made no mention of retroactive modification.

In June 2018, plaintiff filed a pro se petition and supplemental information asking the court to reinstate child support, order support for the 70 overnights she had with the children between January 5, 2018 and June 14, 2018, and instruct the circuit court referee "to refer to the Michigan Child Support Formula and calculate child support using [defendant's] most current income."

Four days later, defendant filed another motion for entry of his proposed order containing the provision for calculating child support during the abeyance period.

The trial court heard the parties' motions on July 9, 2018. Plaintiff was present in the courtroom prior to the hearing and had a conversation with defense counsel. However, she was no longer present when the hearing commenced and did not make an appearance on the record. Defendant's attorney implied to the court that plaintiff agreed with the retroactive modification of child support to include the period that defendant's child support obligation was held in abeyance, and asked the court to enter defendant's proposed order "without the Friend of the Court's seal of approval" so that the referee responsible for the parties' upcoming hearing would have sufficient guidance. The court agreed to sign the order once it was approved by VanBenschoten, who also was not present at the hearing. The court entered defendant's version of the proposed order on July 18, 2018.

A Friend of the Court referee held a hearing on child support on July 27, 2018. In a subsequent report and recommendation, the referee recommended the following child support payments, calculated according to the Michigan Child Support Formula: Plaintiff was to pay defendant $1,014 monthly from February 1, 2017 through December 1, 2017, $823 from January 1, 2018 through June 30, 2018, and $170 monthly from July 1, 2018 through October 31, 2021. From November 1, 2021 until the youngest child's majority, defendant was to pay plaintiff $631 monthly. The trial court signed a temporary order that incorporated these recommendations and would become final in 21 days, barring objections by either party. As a result of the recalculations, plaintiff was more than $17,000 in arrears.

Plaintiff filed objections to the referee's recommended order. Among other things, she argued that the retroactive modification of child support violated MCL 552.603(2). She raised the same objection at the hearing on her objections. The Friend of the Court representative at that hearing, Ms. Nicastro, indicated that the hearing on defendant's January 12, 2017 motion and the court's subsequent order holding defendant's child support obligation in abeyance marked the date from which child support would be calculated. Based on this explanation, the court observed that the modification was not impermissibly retroactive, and it set the matter for an evidentiary hearing.

At the evidentiary hearing, plaintiff repeated her argument that the referee's recommended order retroactively modified child support in violation of MCL 552.603(2), and pointed out that defendant never asked for child support; the only requests he made in his January 12, 2017 motion were for changes in custody and parenting time and a restraining order. In response, defendant's attorney recounted for the court the history of the parties' discussions about child support. He explained that the parties first began discussing support in January 2018, starting with his proposed order following the January 5, 2018 hearing. He acknowledged that plaintiff's counsel had opposed retroactive modification, but recounted that the parties had discussed retroactive modification at the February 12, 2018 hearing, and that he had resubmitted his proposed order with the retroactive modification language in June 2018. He further recounted that he and plaintiff talked about retroactive modification outside the courtroom on July 9, 2018, and that the court had entered defendant's proposed order on July 18, 2018 instructing the referee to calculate child support during the period of the abeyance, as well as for the parties' new parenting schedule. Plaintiff continued to insist that defendant had never asked for a modification of child support, to which the court replied, "So he didn't ask for it, but that was the intent of the Court, to have him

not be paying while the children were with him, when you should have been paying. And you didn't object to the orders that were entered. In fact, there were stipulations." The court concluded that it would accept the referee's recommendations and entered an order denying plaintiff's objections. After an unsuccessful motion for reconsideration, this appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by denying her objections to the referee's child support recommendations because the recommendations impermissibly modified her child support obligation retroactively. We review a trial court's decision to retroactively modify a child support order for an abuse of discretion. See *Clarke v Clarke*, 297 Mich App 172, 187; 823 NW2d 318 (2012). To the extent that resolution of this appeal involves the interpretation of MCL 552.603(2), the Court's "primary obligation is to ascertain and effectuate the intent of the Legislature." *Malone v Malone*, 279 Mich App 280, 285; 761 NW2d 102 (2008). To begin with, the Court ascertains "the intent that may reasonably be inferred from the language." *Id.* "When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted." *Id.*

At issue is the application of MCL 552.603, which addresses retroactive modification of a support order in pertinent part as follows:

(2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due as prescribed in [MCL 552.605(c)] with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. No additional action is necessary to reduce support to a final judgment. Retroactive modification of a support payment due under a support order is permissible with respect to a period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.

(3) This section does not apply to an ex parte interim support order or a temporary support order entered under supreme court rule.

\* \* \*

(5) This section does not prohibit a court approved agreement between the parties to retroactively modify a support order. This section does not limit other enforcement remedies available under this or another act.

As the foregoing illustrates, a support obligation generally cannot be retroactively modified. MCL 552.603(2); *Fisher v Fisher,* 276 Mich App 424, 430-431; 741 NW2d 68 (2007). However, temporary orders may be retroactively modified, MCL 552.603(3); *Proudfit v O'Neal*, 193 Mich App 608, 611; 484 NW2d 746 (1992), and support may be retroactively modified for any period during which a petition for modification was pending, but only from the date that notice

of the petition was given.[2]  MCL 552.603(2); *Fisher*, 276 Mich App at 430.  In addition, the parties may agree to retroactive modification.  MCL 552.603(5).

It is undisputed that defendant did not ask the court to modify child support in his January 12, 2017 motion to modify custody and parenting time, nor did he at any time thereafter file a petition or make a request for the modification of support.  Without such petition and notice of the petition to the opposing party, MCL 552.603(2) precludes retroactive modification.  Nevertheless, defendant offers various reasons why retroactive modification of child support is appropriate in the case at bar.  First, defendant contends that MCL 552.603(2) does not require a petition for modification of support specifically.  Defendant argues that, since the plain language of MCL 552.603(2) merely requires a "petition for modification," his January 12, 2017 motion to modify custody and parenting time suffices to meet the statute's requirements.  However, defendant's argument ignores the larger context in which the phrase, "petition for modification," occurs.

The statute at issue, MCL 552.603, is part of the Support and Parenting Time Enforcement Act (SPTEA), MCL 552.601 *et seq.*, an act that governs the enforcement of support orders issued by Michigan courts.  MCL 552.603(1).  The SPTEA defines "support order" as "an order entered by the circuit court for the payment of support, whether or not a sum certain," MCL 552.602(jj), characterizes it as a judgment, and provides the requirements and guidelines for modification of the amount due under a "support order," MCL 552.603(2).  Among those requirements is the filing of a "petition for modification."  Given the statute's exclusive focus on support orders, a reasonable and contextually informed interpretation of MCL 552.603(2)'s "petition for modification" is that it refers to a petition for modification of a support order.  See *McCahan v Brennan,* 492 Mich 730, 739; 822 NW2d 747 (2012) (indicating that the provisions of a statute should be construed reasonably and in context).  A petition (or motion) that does not expressly request a modification of support arguably cannot give the opposing party notice that modification of support is pending or establish the date before which support cannot be modified.  Thus, defendant's argument that "petition for modification" in the context of MCL 552.603(2) can include petitions without a specific request for modification of a support order must fail.[3]

---

[2] Our understanding of "petition" encompasses not just a separate form requesting modification of child support, but a specific request raised, for example, in a motion for modification of custody and parenting time.

[3] Defendant cites *Jenerou v Jenerou*, 200 Mich App 265; 503 NW2d 744 (1993), in support of his argument that, because he had a motion for modification of custody pending, the trial court had the power to modify child support retroactively.  On page 10 of his brief to this Court, defendant states:

> This Court affirmed the trial court's refusal to modify the father's child support obligation because no petition was pending, but held that had the father filed a petition, "[t]his would give the trial court the power to retroactively modify the support order to take into account all the change in circumstances, while at the same

Defendant next observes that the point of the requirement of a petition for modification of support is to give the opposing party notice that modification is sought. He argues, therefore, that plaintiff had ample notice that the parties' support obligations during the period of abeyance would be modified on the basis of: (1) the necessary assumptions accompanying the trial court's grant of a motion for modification of custody and parenting time, and (2) the trial court's order holding defendant's support obligation in abeyance. Defendant further argues that plaintiff's own motions regarding child support show that she knew that the issue of child support was unresolved. None of these arguments is persuasive.

The modification of custody and parenting time may involve the modification of support, and defendant could have included a request to modify child support in his January 2017 motion or in a petition filed any time thereafter. He did not, however, and he has provided no authority by which the trial court may order the retroactive modification of support absent a request for modification in his January 2017 motion or in a subsequent petition for modification of support. Prior to the enactment of MCL 552.603, a trial court could exercise its discretion to modify a support order retroactively on the basis of a change of circumstances, such as a change in custody. *Waple v Waple*, 179 Mich App 673, 676; 446 NW2d 536 (1989). Since the enactment of MCL 552.603(2), however, trial courts have not enjoyed the same degree of flexibility. *Id*. at 677 (noting that, "even if the strict wording of the statute is ignored, the underlying legislative intent also precludes any flexibility in interpretation"). In *Waple*, this Court explained the motivation behind passage of the statute as follows:

> The immediate motivation for the enactment of this statute was the inception of federal legislation requiring state law to include a provision making each support payment the equivalent of a final judgment and prohibiting retroactive modification. The mechanism for enforcement of the federal legislation is that the continuing eligibility of the state for federal funding for the Aid to Families with Dependent Children program is made conditional on the state recipient's adoption of the provision. [*Id*.]

time providing the custodial parent with notice that such a modification is a possibility." [Quoting *Jenerou*, 200 Mich App at 268.]

Defendant takes his excerpt from *Jenerou* out of its context, which is the Court's advice on how to handle the possibility that one might receive government disability benefits. The Court noted that the federal government can take a long time to decide whether to award disability benefits. In the meantime, an applicant "should petition the trial court for modification of a support order" on the basis of the party's inability to work and let the court know that an application for benefits is in the works. As the Court explained, "[t]he trial court could defer its ruling on the petition until the federal government decides whether to award benefits. This would give the trial court the power to retroactively modify the support order . . . ." [*Id*.] The petition discussed in *Jenerou* is a petition for modification of support. Thus, *Jenerou* does not support defendant's position that a petition for modification of child custody or parenting time—with no mention of child support— by itself authorizes a trial court to retroactively modify child support.

This motivation for enactment of the statute, the Court further explained, "suggests that our Legislature intended, consistent with overriding federal directives enforceable by a loss of funding, to remove entirely the discretion of the circuit court to consider a change in circumstances." *Id*. In cases published subsequently, "this Court has followed the rule from *Waple* and refused to allow any retroactive modification of support orders, except as provided in MCL 552.603." *Malone,* 279 Mich App at 286 (citing supporting cases). Thus, even if this Court assumed for the sake of argument that defendant was correct about the assumptions that necessarily accompany a trial court's grant of a motion to change custody and parenting time, since the passage of MCL 552.603, the trial court generally lacks the discretion to modify support retroactively absent a petition for modification of support.

Defendant also contends that the trial court's February 9, 2017 order holding his support obligation in abeyance put plaintiff on notice that the support order was subject to modification. However, nothing in the language of the order holding defendant's support obligation to plaintiff in abeyance expressly indicated that defendant had requested a modification of support that might affect plaintiff's obligation to defendant. The order granted defendant temporary legal and physical custody of the children, referred "the issues of custody and parenting time" to the Saginaw County Friend of the Court for a report and recommendation, and held in abeyance defendant's child support obligation until further order of the court. There was nothing in the court's order to put plaintiff on notice that defendant sought a modification of the support order, or that the court intended to modify the support order retroactively to February 2017.

Defendant further contends that plaintiff's motions to reinstate child support and to review child support indicate she recognized that child support was unresolved. The record shows that in September 2017, plaintiff asked the trial court to reinstate alternate-week parenting time and for a review of child support, and in June 2018, she petitioned the court to reinstate defendant's payment of child support in anticipation of week-on-week-off parenting time. Plaintiff's requests indicate her concern that restoration of an alternate-week parenting time schedule be accompanied by the resumption of defendant's payment of child support, recalculated to reflect the parties' current incomes. However, nothing about her concerns signals that she contemplated a modification of child support retroactive to February 2017.

Defendant next argues that a petition for modification was not required because retroactive modification of temporary support orders is permissible, and the court's February 9, 2017 order was a temporary support order. As previously indicated, the proscription on retroactive modification of support orders absent a pending petition for same does not apply to a temporary order entered under MCR 3.207. MCL 552.603(3). According to the governing court rule, a temporary order "must state its effective date and whether its provisions may be modified retroactively by a subsequent order." MCR 3.207(C)(4). The February 9, 2017 order stated that defendant's child support obligation would be held in abeyance effective January 23, 2017, but it did not indicate whether defendant's child support obligation would be retroactively modified. The court could have cured this defect by stating in the recommended support order (or its order denying plaintiff's objections to the order) that, at the time it entered the February 9, 2017 order, its intent was to modify child support retroactively, and then entering the order *nunc pro tunc*. See *Riemer v Johnson*, 311 Mich App 632, 655; 876 NW2d 279, 292 (2015) ("By recording its intent regarding retroactivity in [a later written opinion regarding child support], the trial court satisfied, *nunc pro tunc*, the retroactivity requirement of MCR 3.207(C)(4)."). Although the court stated at

the October 11, 2018 hearing on plaintiff's objections to the referee's recommended support order that it had intended child support to be modifiable retroactively, this did not cure the defect because "a court speaks through its orders." *Luscombe v Shedd's Food Products Corp*, 212 Mich App 537, 540; 539 NW2d 210 (1995). Thus, MCR 3.207 does not apply to relieve defendant of the operation of MCL 552.603(2).

Lastly, defendant argues that plaintiff agreed to the retroactive modification of child support. MCL 552.603(5) states that subsection (2) "does not prohibit a court approved agreement between the parties to retroactively modify a support order." However, defendant does not point to any place in the record that shows plaintiff expressly agreeing to retroactive modification.

Defendant first contends that plaintiff verbally agreed with defendant's attorney that child support would be retroactive during the abeyance period at the July 9, 2018 hearing. Plaintiff may very well have done so; however, the only record evidence of plaintiff's agreement is opposing counsel's assurances on the record that she agreed. Defendant next contends that plaintiff agreed to entry of the July 18, 2018 Order, which instructed the Friend of the Court to calculate child support for the abeyance period as well as for the future. As evidence of plaintiff's agreement, defendant cites the order itself, which states in its preamble: "The parties having reached an agreement and placed it on the record on Friday, January 5, 2018, and the court being otherwise advised in the premises . . . ." The order's preamble notwithstanding, as previously indicated, the transcript of the January 5, 2018 hearing is silent with regard to child support. Furthermore, the record shows that plaintiff objected to defendant's proposed order calling for retroactive modification, asserting that it did not accurately reflect the parties' agreement, and offered in its stead her own order, which contained a differently worded child support provision. A transcript of the February 12, 2018 hearing clearly shows that the parties were not of the same understanding regarding the retroactive modification of child support.

Defendant further contends that plaintiff "appeared for a Referee hearing on July 27, 2018 and agreed that child support would be calculated during the abeyance period." Defendant concedes in his brief to this Court that the hearing transcript "does not contain express language regarding [plaintiff's] agreement, but it does infer agreement without objection or appeal from [plaintiff]." As evidence of plaintiff's implied agreement, defendant points to the fact that plaintiff testified about her 2017 and 2018 income, cross-examined defendant as to his 2017 and 2018 income, and admitted or agreed to the admission of documents related to the parties' income for these years. In addition, defendant notes that plaintiff did not object when the referee indicated that child support would be modified retroactively to 2017.

It is true that plaintiff did not record any objections to the retroactive modification of child support at the referee hearing. By this time, however, the trial court had entered the July 18, 2018 order instructing the referee to recalculate support for the period when defendant's support obligation was held in abeyance. The fact that plaintiff complied with that order need not mean that she agreed with it. Furthermore, the critical moment for determining whether plaintiff agreed with retroactive modification to February 2017 was when the trial court entered the July 18, 2018 order, based on the court's understanding that plaintiff had stipulated to retroactive modification.

On the record before us, we cannot conclude with confidence that any assumptions that may attend the filing of a motion for temporary modification of custody and parenting time, or the

trial court's order of February 9, 2017 put plaintiff on notice that defendant was seeking modification of support. Nor can we conclude that plaintiff agreed to retroactive modification. Nevertheless, the register of actions shows that on January 24, 2018, defendant filed the proposed order with the child support provision instructing the Friend of the Court referee to "calculate child support for the time period that it was held in 'abeyance' along with a child support calculation under the newly-entered [sic] parenting time schedule." Defendant filed the order under a 7-day notice and proof of service was entered in the register of actions on the same date. Plaintiff filed a brief in opposition to the proposed order on January 30, 2018. Clearly, even though defendant had not filed a petition for modification of support, MCL 552.603(2), plaintiff was indisputably on notice that defendant was seeking modification of the originally governing child support order, thus fulfilling the requirements of MCL 552.603(2).[4] Defendant having sought modification of the support order, and plaintiff being fully aware of defendant's request, the requirements of MCL 552.603(2) were fulfilled, and retroactive modification to the date plaintiff received notice of the proposed order, January 24, 2018, according to the register of actions, would have been proper. Accordingly, we vacate the trial court's order denying plaintiff's objections to the recommended support order and remand the matter for proceedings consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher

---

[4] See *Allen v Allen*, unpublished per curiam order of the Court of Appeals, issued December 22, 1998 (Docket No. 200999) (holding that the plaintiff's proposed order stating, "the issue of child support shall be referred to the Office of the Wayne County Friend of the Court for review and recommendation" put the defendant on notice for a modification of child support). Although unpublished opinions are not binding, they may be considered persuasive authority. *Paris Meadows, LLC v. City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). We find *Allen* persuasive because it involves a factually similar scenario.