*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY WILLIAM KIDDER,

        Plaintiff-Appellant,

v

LAURA SUE POBURSKY-KIDDER,

        Defendant-Appellee.

UNPUBLISHED
September 22, 2022

No. 356297 / 357908
Oakland Circuit Court
LC No. 2010-776877-DM

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Plaintiff filed several pleadings that the trial court determined were not well grounded in fact and were intended to falsely lead the court to believe that a reduction in his child support obligations was necessary. The trial court sanctioned plaintiff for his actions and ordered him to pay defendant's expert witness fees and her attorney fees. We affirm the sanction award because we are not left with a definite and firm conviction that the trial court made a mistake in determining that the pleadings were signed in violation of MCR 1.109(E)(5) and, therefore, the imposition of sanctions was required under MCR 1.109(E)(6). And the trial court did not abuse its discretion in determining the appropriate sanction.

But it was premature for the trial court to determine that a retroactive modification of child support was warranted under MCL 552.603b before the evidentiary hearing was completed. Accordingly, we vacate the portion of the trial court's order directing the Friend of the Court (FOC) to calculate retroactive child support from 2019 and remand for further proceedings.

## I. BACKGROUND

The parties divorced in 2011. The October 2011 consent judgment awarded the parties joint legal and physical custody of their three minor children. And plaintiff was ordered to pay monthly child support.

On February 6, 2018, plaintiff filed a pro se motion seeking a modification of the existing child support order based on a change in circumstances. In addition to a change involving one of the three children, plaintiff maintained that he had a change in income:

The second change of circumstances is that I am out of a job currently. I am working on obtaining a job to support my family. There is no way I can obtain a salary of the one I previously had. So I am requesting my income level to change for the formula to calculate child support.

At the motion hearing, plaintiff testified that he had been self-employed at his family's engineering business, Kidder Associates, of which he was a 49% owner. But plaintiff maintained that his brother, who owned 51% of the business, had terminated his employment with a three-month severance package. Plaintiff claimed that his income from Kidder Associates would cease at the end of March 2018, but he was in negotiations for a buyout of his 49% ownership interest. Plaintiff also testified that he invested in two residential homes that he intended to sell for a profit. The FOC referee imputed income to both parties and recommended that neither party pay child support.

In June 2019, defendant filed a motion to modify plaintiff's child support obligation, alleging that, contrary to his February 2018 motion and March 2018 testimony, plaintiff continued to receive his full salary from Kidder Associates until December 31, 2018. Defendant further alleged that plaintiff had income from real estate sales and rental properties. Plaintiff contested defendant's accusations, asserting that he was a full-time student working on a masters' degree and "commencing in 2019, [he] no longer receives an income or funds from Kidder Associates." The FOC referee recommended that defendant be afforded an opportunity to conduct discovery.

After serving a series of subpoenas to investigate plaintiff's financial background, defendant filed a motion for retroactive modification of child support in March 2020. Defendant accused plaintiff of committing perjury because, contrary to his pleadings and testimony, he had allegedly received his regular income from Kidder Associates until November 2019. She further maintained that, beginning in 2014, plaintiff received periodic disbursements from Kidder Associates in addition to his regular salary. But none of these disbursement were previously disclosed by plaintiff. Defendant requested the opportunity to conduct additional discovery on the issue of retroactive child support. She argued that plaintiff should be sanctioned and ordered to pay her expert witness fees and attorney fees. In response, plaintiff denied that he received his regular monthly income in 2019 and maintained that the 2019 payments were used to offset the amounts due plaintiff pursuant to a November 2019 settlement agreement with Kidder Associates. He further asserted that the disbursements he had periodically received in addition to his regular salary were for his corporate income tax obligations and were not personal income.

The trial court referred the matter to the FOC referee for an evidentiary hearing. The evidentiary hearing began on August 20, 2020, but the hearing was stopped before the conclusion of plaintiff's testimony due to time constraints. Prior to the continuation of the evidentiary hearing, defendant filed two motions to compel production of plaintiff's tax returns and W-2 forms. Defendant maintained that this documentation was necessary to adequately prepare for the continuation of the evidentiary hearing. The trial court ordered plaintiff to produce his tax returns for the previous three years and expressed that it would consider requiring plaintiff to produce additional tax returns with a showing of good cause. After plaintiff complied with the order, defendant filed a motion to compel production of plaintiff's tax returns back to 2011, arguing that the information was highly relevant to calculating plaintiff's retroactive child support payments. Defendant also renewed her request for expert witness fees and attorney fees.

Following the November 5, 2020, hearing on defendant's motion to compel, the trial court entered an order (1) directing the FOC referee to continue the evidentiary hearing regarding retroactive child support to be paid by plaintiff for the time period prior to 2019, (2) instructing the FOC referee to calculate the amount of retroactive support from 2019 to the present, (3) awarding defendant fees for a financial expert, (4) awarding defendant attorney fees incurred since 2019, and (5) reserving the issue of production of additional tax returns and further retroactivity of child support modifications upon good cause shown. Plaintiff moved for reconsideration, but the trial court denied the motion. Plaintiff now challenges portions of the trial court's order in these consolidated appeals.[1]

## II. RETROACTIVE MODIFICATION OF CHILD SUPPORT

Plaintiff first argues that the trial court erred by determining that defendant was entitled to a retroactive modification of child support since 2019, and ordering the FOC referee to calculate the amount of retroactive child support, before the evidentiary hearing was completed. We agree.

### A. STANDARD OF REVIEW

We review a trial court's decision to apply a modification to a child support order retroactively for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 187; 823 NW2d 318 (2012). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). In addition, we review de novo whether the trial court acted properly within the child support guidelines, as well as questions involving statutory interpretation. *Malone v Malone*, 279 Mich App 280, 284; 761 NW2d 102 (2008).

### B. ANALYSIS

Generally, a support obligation cannot be retroactively modified beyond the "date that notice" of a petition to modify was provided. MCL 552.603(2); *Fisher v Fisher*, 276 Mich App 424, 430-431; 741 NW2d 68 (2007). But there is an exception to this general rule when a party fails to report his income to the court or the FOC:

> If an individual who is required by the court to report his or her income to the court or the office of the friend of the court knowingly and intentionally fails to report, refuses to report, or knowingly misrepresents that income, after notice and an opportunity for a hearing, the court may retroactively correct the amount of support.

As plaintiff correctly notes, MCL 552.603b requires that a party be given "notice and an opportunity for a hearing" before a court can retroactively correct child support on the basis of (1)

---

[1] In Docket No. 356297, plaintiff appeals as of right the attorney-fee portion of the order. In Docket No. 357908, plaintiff appeals by delayed leave granted the portion of the order awarding expert witness fees and ordering a calculation of retroactive child support from 2019. *Kidder v Pobursky-Kidder*, unpublished order of the Court of Appeals, entered November 24, 2021 (Docket No. 357908).

a knowing and intentional failure to report or refusal to report income, or (2) a knowing misrepresentation of his or her income. While the plaintiff provided some testimony regarding his income and his settlement agreement with Kidder Associates during the August 2020 evidentiary hearing, the hearing ended before plaintiff finished his testimony and before plaintiff had an opportunity to present any evidence or witnesses.

Prior to the continuation of the evidentiary hearing, the parties appeared for a hearing on defendant's second motion to compel production of additional tax returns from plaintiff. Defense counsel argued that the 2017, 2018, and 2019 tax returns produced by plaintiff "showed radically different income numbers than what plaintiff had testified during our first day at trial at Friend of the Court, as well as what the W-2s showed." Defense counsel alleged that plaintiff's statements about his income under oath were inconsistent with the tax returns and maintained that plaintiff's production of his tax returns from 2011 through 2016 was necessary to determine whether there were other income discrepancies before a decision on retroactive modification could be made. Plaintiff's counsel refuted defendant's accusations. But it is undisputed that the subject of the November 2020 hearing was defendant's motion to compel and request for sanctions, not whether a retroactive modification child support was warranted.

In our view, it was premature for the trial court to determine that defendant was entitled to a retroactive modification of plaintiff's child support from 2019 to the present pursuant to MCL 552.603b before the evidentiary hearing was completed. It is undisputed that the evidentiary hearing was commenced to determine whether there had been any affirmative acts of misrepresentation by plaintiff that would warrant retroactive modification of his child support obligations. But plaintiff had not completed his testimony. And plaintiff had not yet been afforded the opportunity to present evidence or witnesses at the hearing.

Moreover, the issue of whether plaintiff's child support obligations should be retroactively modified was not before the trial court at the November 2020 hearing, which was set for argument on defendant's motion to compel plaintiff's tax returns and defendant's request for expert witness fees and attorney fees. MCL 552.603b requires "notice and an opportunity for a hearing" before a court can retroactively correct the amount of child support. Plaintiff did not have notice that retroactive modification would be addressed, let alone decided, at the November 2020 hearing. Accordingly, we vacate the portion of the trial court's December 17, 2020, order instructing the referee to calculate retroactive child support from 2019 to the present and remand for this issue to be addressed and decided at the ongoing evidentiary hearing before the referee.

### III. ATTORNEY FEES AND EXPERT WITNESS FEES

Plaintiff next argues that the trial court erred in awarding defendant attorney fees incurred since 2019 and ordering plaintiff to pay defendant's expert witness fees. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews a trial court's decision regarding the imposition of a sanction for clear error." *Holton v Ward*, 303 Mich App 718, 734; 847 NW2d 1 (2014). "The trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Id.* (quotation marks and

citation omitted). The determination of an appropriate sanction for a violation of MCR 1.109(E)(5) is within the trial court's discretion, and accordingly, is reviewed for an abuse of discretion. See *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 726-727; 591 NW2d 676 (1998) (interpreting former MCR 2.114(E) and (F)).

This case also involves the interpretation and application of a court rule, which is a question of law that we review de novo. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

## B. ANALYSIS

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010) (citation and quotation marks omitted). MCR 1.109(E)(6) grants a court the authority to award sanctions in the form of attorney fees and expenses if a document is signed in violation of the rule.[2] MCR 1.109(E) provides, in pertinent part:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.[3]

---

[2] Plaintiff's reliance on MCR 3.206(D) is misplaced. That rule allows a party in a domestic-relations action to request the court to order the opposing party to pay the moving party's attorney fees upon a showing that the moving party is unable to bear the expense of the action and that the other party has the ability to pay. MCR 3.206(D)(1) and (2). In this case, however, the trial court expressly stated that it was not awarding attorney fees under that rule. Instead, the trial court identified MCR 1.109(E)(6) as support for its sanctions award.

[3] This rule was previously located at MCR 2.114(D) and (E), but was moved to MCR 1.109 in its same form in an amendment adopted on May 30, 2018. See 501 Mich cxxxvii.

In this case, the trial court determined that plaintiff violated MCR 1.109(E)(5) both in his February 2018 motion to modify child support, and in his July 2019 response to defendant's motion to modify child support. MCR 1.109(E)(6) states that the trial court "shall" impose sanctions upon finding that a document has been signed in violation of the rule.[4] Therefore, if a violation of MCR 1.109(E)(5) has occurred, the sanctions provided for by MCR 1.109(E)(6) are mandatory. See *Contel Systems Corp v Gores*, 183 Mich App 706, 709-710; 455 NW2d 398 (1990) (interpreting former MCR 2.114). The plain language of MCR 1.109(E)(6) affords the trial court discretion to fashion "an appropriate sanction" and does not restrict the sanction to costs or expenses incurred. See *FMB-First Mich Bank*, 232 Mich App at 726 (interpreting former MCR 2.114(E)).

Plaintiff made the following representations in his February 2018 motion to modify child support: "I am out of a job currently. I am working on obtaining a job to support my family. There is no way I can obtain a salary of the one I previously had." However, documentation obtained by defendant revealed that these representations were not well grounded in fact. According to the documentation filed with defendant's June 2019 motion, plaintiff continued to receive his salary from Kidder Associates in 2018. Notwithstanding this evidence, plaintiff continued to file pleadings that were not well grounded in fact. Plaintiff's July 2019 response to defendant's motion to modify child support stated that he "no longer receives an income or funds from Kidder Associates." But documentation obtained through defendant's discovery efforts showed that plaintiff received monthly payments from Kidder Associates in 2019, which his attorney ultimately acknowledged. Plaintiff also received a seven-figure payout in 2019 as a result of his settlement with Kidder Associates.

The filing of a signed document that is not well grounded in fact and law subjects the filer to sanctions. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 407; 651 NW2d 756 (2002) (interpreting former MCR 2.114). Plaintiff signed his February 2018 pro se motion. And the July 2019 motion response was signed by plaintiff's counsel. An attorney is under an affirmative duty to conduct a reasonable inquiry into both the factual and legal basis of a pleading before it is signed. *LaRose Market, Inc v Sylvan Center, Inc,* 209 Mich App 201, 210; 530 NW2d 505 (1995). "The reasonableness of the inquiry is determined by an objective standard and depends on the particular facts and circumstances of the case." *Id.* The objective of the rule "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank*, 232 Mich App at 722-723 (interpreting former MCR 2.114(E) and (F)).

As a direct result of plaintiff's misrepresentations in his February 2018 motion and his July 2019 motion response, defendant incurred attorney fees to pursue a child support modification and obtain evidence regarding plaintiff's income. And defendant had to retain a financial expert

---

[4] The principles of statutory construction apply when interpreting a Michigan court rule. *Henry*, 484 Mich at 495. The plain language of the rule is examined to ascertain its meaning. *Id.* "The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Id.* (citation omitted).

because plaintiff failed to accurately disclose his full income, the payments that he received from Kidder Associates, and the sources of income reported on his tax returns. We are not left with a definite and firm conviction that the trial court made a mistake in determining that the pleadings were signed in violation of MCR 1.109(E)(5) and, therefore, the imposition of sanctions was required under MCR 1.109(E)(6). We conclude that the trial court did not abuse its discretion in sanctioning plaintiff for this violation by ordering him to pay defendant's attorney fees incurred since 2019[5] and defendant's financial expert's fees.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel

---

[5] While defendant argues that the amount of requested attorney fees is unreasonable, the trial court has not yet determined the amount of attorney fees to award and expressly stated that defendant would be required to prove the reasonableness of any requested fees in accordance with the factors set forth in *Wood v DAIIE*, 413 Mich 573, 581; 321 NW2d 653 (1982). The only issue before this Court is whether attorney fees should have been awarded, not the reasonableness of any fee award, which is an issue that will be decided on remand. In addition, the trial court reserved its ruling regarding an award of attorney fees incurred prior to 2019 until after the conclusion of the ongoing evidentiary hearing before the FOC referee.